IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
December 3, 2002 Session

**STATE OF TENNESSEE v. MARTEL THOMAS**

**Direct Appeal from the Criminal Court for Shelby County**
**No. P13320     Chris Craft, Judge**

---

**No. W2002-01549-CCA-R3-CD - Filed March 4, 2003**

---

Appellant, Martel Thomas, filed a petition pursuant to Tennessee Code Annotated section 55-10-615(c), in which he moved the Criminal Court of Shelby County to restore his privilege to operate a motor vehicle in Tennessee. In 1994, Appellant had been declared an Habitual Motor Vehicle Offender. In his petition, which is the subject of this appeal, Appellant alleged that he did not have the requisite number of prior convictions to establish his status as an Habitual Motor Vehicle Offender. The trial court denied the petition and this appeal followed. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JOE G. RILEY and ALAN E. GLENN, JJ., joined.

Lance R. Chism, Memphis, Tennessee, for the appellant, Martel Thomas.

Paul G. Summers, Attorney General and Reporter; P. Robin Dixon, Jr., Assistant Attorney General; William L. Gibbons, District Attorney General; and Glenn Baity, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

There is no transcript of the trial court hearing available in the appellate record. In fact, the record on appeal consists of the original petition to have Appellant declared an Habitual Motor Vehicle Offender, the consent order declaring him to be an Habitual Motor Vehicle Offender entered July 26, 1994, Appellant's petition to remove his Habitual Motor Vehicle Offender status, and the order of the trial court denying the petition. Attached to Appellant's petition is a document purporting to be a printout of the Tennessee Department of Safety Driver License Record of Appellant, but there is no indication that this document was made an exhibit at the hearing in the trial court.

The record, such as it is, reflects that there were three convictions which were used to support the consent order declaring Appellant to be an habitual motor vehicle offender. These convictions were as follows: a DUI conviction on March 12, 1991 and two convictions for driving while his license was cancelled, suspended, or revoked on January 23, 1992 and March 10, 1994. Tennessee Code Annotated section 55-10-615(c) became effective on July 1, 2000. In pertinent part, that subsection states that

> [I]f a person is declared to be a habitual motor vehicle offender and one (1) or more of the requisite convictions was for . . . driving on a cancelled, suspended, or revoked license as prohibited by § 55-50-504 where the underlying violation of § 55-50-504 was not an offense enumerated in § 55-10-603(2)(A), such person may petition the court where such habitual offender finding occurred or any court of record having criminal jurisdiction in the county in which such person then resides for immediate restoration of the privilege to operate a motor vehicle in this state. After reviewing such petition, if the court finds that one (1) or more of such requisite convictions was for . . . § 55-50-504 where the underlying offense was not one (1) enumerated in § 55-10-603(2)(A), then the court shall restore to such person the privilege to operate a motor vehicle in this state upon such terms and conditions as the court may prescribe, subject to other provisions of law relating to the issuance of operators' or chauffeurs' licenses.

Included within the offenses enumerated in Tennessee Code Annotated section 55-10-603(2)(A), is: "(viii) [a] violation of § 55-10-401, prohibiting intoxicated or drugged persons from driving," i.e. DUI. Our review of this case is severely limited by the nature of the record on appeal. As stated above, there is no transcript of the proceeding in the trial court. There is nothing in the record to indicate that any document was properly introduced as an exhibit in the trial court. In its order denying the petition, the trial court found that the matter came on to be heard upon the petition "filed by [Appellant], statements of counsel, and the record as a whole." Further, the trial court specifically found in its order that Appellant offered no proof at the hearing that the underlying offense resulting in the cancellation, suspension, or revocation of his license was not an offense enumerated in Tennessee Code Annotated section 55-10-603(2)(A). In *State v. Cooper*, 736 S.W.2d 125 (Tenn. Crim. App. 1987), this court held that:

> Before an exhibit may be considered by this Court, it must have been (a) received into evidence, (b) marked by the trial judge, clerk, or court reporter as having been received into evidence as an exhibit, (c) authenticated by the trial judge, and (d) included in the transcript of the evidence transmitted to this court. (Citations omitted).

> The inclusion of a document in what has been commonly referred to as the 'technical record' will not, as a matter of law, permit this Court to consider the document when it has not been introduced as evidence or authenticated by the trial court.

*Id*. at 131.

Rule 13(c) of the Tennessee Rules of Appellate Procedure states that appellate courts in this state may consider facts established by the evidence in the trial court and set forth in the record. Appellate courts may also consider additional facts that may be judicially noticed or which are considered pursuant to Rule 14 of the Tennessee Rules of Appellate Procedure. Neither of the latter two provisions is applicable in this case.

In support of his arguments on appeal, Appellant relies heavily upon facts contained in his purported driving history printout from the Tennessee Department of Safety, and also upon other facts which are not in the record, such as his inability to pay fines, costs, and fees in order to reinstate his license following his DUI conviction. Appellant argues that after expiration of the mandatory one-year prohibition from driving a vehicle in Tennessee imposed by the trial court at his DUI conviction pursuant to Tennessee Code Annotated section 55-10-403(a)(1), the continuing revocation of his driving privileges was then converted to a revocation based on his inability to pay costs, fines, and fees in order to have his driver's license reinstated.

There is, essentially, a void of proof in the record in support of Appellant's arguments on appeal. Thus, we must presume that there was sufficient evidence, in the absence of anything in the appellate record contrary thereto, to support the trial court's order denying the petition. *State v. Oody*, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991).

Even if we assume that all facts relied upon by Appellant in his brief were true, our interpretation of Tennessee Code Annotated sections 55-10-603(2)(A) and 55-10-615(c) draws us to the inescapable conclusion that Appellant's driver's license was mandatorily revoked by the Department of Safety following his DUI conviction pursuant to Tennessee Code Annotated section 55-50-501(a)(2). There is no one-year limitation on the revocation pursuant to this code section. Two subsequent convictions for driving on a cancelled, suspended, or revoked license formed a basis for the finding that Appellant was an habitual motor vehicle offender. Each of these had, as its underlying offense, causing his license to be cancelled, suspended, or revoked, an offense enumerated in Tennessee Code Annotated section 55-10-603(2)(A), to wit: DUI, in violation of Tennessee Code Annotated section 55-10-401. Accordingly, the judgment of the trial court must be affirmed.

## CONCLUSION

Based upon our review of the record and the applicable law, the judgment of the trial court is affirmed. Costs are taxed to the Appellant.

_____
THOMAS T. WOODALL, JUDGE