IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

NOVEMBER 1995 SESSION


STATE OF TENNESSEE,      )
)
       APPELLEE,    )
)    No. 01-C-01-9506-CC-00206
)
)    Humphreys County
v.         )
)    Allen W. Wallace, Judge
)
)    (Aggravated Robbery)
DANNY R. MORRIS,    )
)
       APPELLANT.    )

**FILED**

May 9, 1996

Cecil W. Crowson
Appellate Court Clerk

_____

DISSENTING OPINION

_____

I respectfully dissent.

The crime committed by the appellant, Danny R. Morris, was despicable. I am sure that the jury, like myself, was enraged as the evidence unfolded. This atrocious crime was committed in the jury's home county by two inmates who escaped from a prison in an adjoining county. Morris and Barrett were much younger than the victim. They feigned illness and acted as if one of them needed assistance. When the elderly victim stopped to lend assistance, Morris and Barrett took advantage of the victim's act of kindness. Nevertheless, we as citizens must not lose sight of the fact that ours is a Nation of laws. These laws govern the conduct of every citizen. As this Court said in Hodges v. State, 491 S.W.2d 624, 626 (Tenn. Crim. App. 1972), cert. denied (Tenn. 1973): "[O]dious individuals are not governed by one law and the remaining citizens by another; all are protected by the same general law."

It has long been established that the prosecution must prove every element of a criminal offense beyond a reasonable doubt. In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). If the prosecution fails to establish one element of the offense beyond a reasonable doubt , the accused cannot be convicted of the offense. In this case, the evidence contained in the record is insufficient, as a matter of law, to support a

conviction for aggravated robbery. The evidence will only support a conviction for simple robbery.

Before an accused can be convicted of robbery, the State of Tennessee must prove beyond a reasonable doubt that (a) there was an intentional or knowing theft of property, (b) from the person of the victim, and (c) by violence or putting the victim in fear. Tenn. Code Ann. § 39-13-401(a). In a prosecution for aggravated robbery, the State of Tennessee must prove beyond a reasonable doubt (a) the elements of robbery, (b) the offense was committed with a deadly weapon or the use of an article "used or fashioned to lead the victim to reasonably believe it to be a deadly weapon," or (c) the victim suffered serious bodily injury during the course of the robbery. Tenn. Code Ann. § 39-13-402(a).

The state failed to establish that Barrett used a "deadly weapon" during the commission of this offense. My colleagues agree with this assessment of the evidence. Thus, the only question is: did the state establish that the victim incurred "serious bodily injury" at the hands of Morris and Barrett?

The majority holds that there was sufficient evidence to establish the element of serious bodily injury by creating "a substantial risk of death." I am of the opinion that the evidence is insufficient, as a matter of law, to support this element of the offense.

The victim testified that the incident in question occurred "midday", which appears to mean noontime. It was established that the police officers interviewed the victim in the hospital emergency room between 4:30 p.m. and 6:30 p.m. The record is devoid of evidence as to what occurred during noon and 4:30 p.m.

The testimony of the victim reveals that he was found by a good Samaritan, "a man walking his dog." There is absolutely no evidence as to when the good Samaritan found the victim. In any event, the good Samaritan took the victim to his home and called an ambulance for the victim. The ambulance arrived and took the victim to a hospital in Dickson, Tennessee.

The good Samaritan was not called as a witness. The ambulance attendants were not called as witnesses. The doctor who attended the victim was not called as a witness. The medical records librarian was not called as a witness. Thus, there is a void of evidence concerning (1) when the ambulance arrived at the home of the good Samaritan,

2

(2) how long the ambulance personnel treated the victim before placing him in the ambulance, (3) how long it took the ambulance to take the victim from Humphreys County to the hospital in Dickson County, (4) when the victim arrived at the hospital, (5) the condition of the victim when he arrived at the hospital, (6) the nature and extent of his injuries, and (7) how long the victim had been at the hospital before the police arrived to interview him. On the other hand, the record establishes that the victim was able to talk to the police officers, he was able to view the photographs presented to him, and he was able to select the photograph depicting Morris. The record also establishes that the victim was released from the hospital and went to his home the same day the incident in question occurred. In summary, the record does not establish that the laceration sustained by the victim caused the victim to incur "a substantial risk of death."

The evidence in this case will not support the remaining definitions of "serious bodily injury." The record does not establish how long the victim was unconscious. Thus, the evidence will not support a finding that the victim suffered a "protracted unconsciousness." Nor does the evidence support a finding of "extreme physical pain." The victim was not asked nor did he testify that the injury was painful. A laceration to a person's head does not equate to "extreme physical pain." The record is devoid of evidence that the victim suffered "a protracted or obvious disfigurement." A laceration that requires eight stitches cannot result in a "protracted or obvious disfigurement." Moreover, any residual scar will probably be covered by the victim's hair and will not be noticeable to others. Again, the record is devoid of evidence to establish that the victim suffered a "protracted loss or substantial impairment of a function of a bodily member, organ or mental faculty." A small laceration will certainly not cause such a condition.

It is an elementary principle of law that a criminal conviction cannot be predicated upon conjecture, guess, speculation, or a mere possibility that the accused may be guilty. Rucker v. State, 174 Tenn. 569, 572-73, 129 S.W.2d 208, 210 (1939); State v. Cooper, 736 S.W.2d 125, 129 (Tenn. Crim. App. 1987). Nor may this Court "speculate upon the guilt of one charged with the commission of a criminal offense." Clancy v. State, 521 S.W.2d 780, 783 (Tenn. 1975).

The responsibility for the void in the evidence rests squarely upon the state's

3

shoulders. As previously indicated, there were several individuals who could have established that the victim sustained a serious bodily injury. The state opted not to call these individuals. Thus, the jury was required to engage in conjecture, guess, and speculation that the victim suffered a serious bodily injury. This Court should not perpetuate this speculation.

The record establishes that Morris is guilty of simple robbery, not aggravated robbery. Based upon the evidence contained in the record, this Court should reduce the conviction from aggravated robbery to simple robbery.

_____
JOE B. JONES, PRESIDING JUDGE