IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 16, 2003

## STATE OF TENNESSEE  v.  CHARLES R. PALMQUIST

**Direct Appeal from the Criminal Court for Putnam County**
**No. 01-0716     John Turnbull, Judge**

**No. M2002-01047-CCA-R3-CD - Filed October 13, 2003**

Defendant, Charles R. Palmquist, pursuant to a negotiated plea agreement, pled guilty to DUI first offense and reserved a certified question of law for appeal pursuant to Tenn. R. Crim. P. 37(b)(2)(i). After a review of the record and the briefs of the parties, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JOE G. RILEY and ALAN E. GLENN, JJ., joined.

William A. Cameron, Cookeville, Tennessee, for the appellant, Charles R. Palmquist.

Paul G. Summers, Attorney General and Reporter; Elizabeth B. Marney, Assistant Attorney General; William Edward Gibson, District Attorney General; Thomas Tansil, Assistant District Attorney General, for the appellee, the State of Tennessee.

### OPINION

The certified question of law is set forth in an order signed by the trial court and approved for entry by Defendant's counsel and the Assistant District Attorney General. The order states in pertinent part that the issue is:

> [W]hen the Defendant was stopped on July 15, 2001, by Trooper R. C. Christian, who was conducting a roadblock in Putnam County, Tennessee, **who pursued the Defendant, who he thought was evading the roadblock**, whether that constituted an illegal arrest and search and seizure thereby necessitating all the evidence derived therefrom being suppressed. . . . Further, the issue is whether this stop fits within the prohibition of the Supreme Court of Tennessee in the case of *State v. Downey*, 945 S.W.2d 102 (Tenn. 1997), and *State v. Hicks*, 55 S.W.3d 515 (Tenn. 2001).

(Emphasis added).

Defendant filed a pretrial motion to suppress all evidence obtained by the State due to an unconstitutional stop and seizure of Defendant. The only witness to testify at the suppression hearing was Trooper R. C. Christian of the Tennessee Highway Patrol. In its ruling, the trial court specifically and unequivocally found that Trooper Christian was a credible witness, and the court believed his testimony.

Trooper Christian's testimony reveals the following facts. On the evening of July 15, 2001, Trooper Christian and other officers were conducting a roadblock as a driver's license checkpoint on Highway 70 in Putnam County near Monterey. Just before 8:30 p.m., it was "beginning to get dark" and Christian observed Defendant's vehicle with its headlights on, coming toward the roadblock approximately 0.8 to 0.9 miles away, traveling in the westbound direction. Defendant made an abrupt left turn off of Highway 70, and then backed out onto Highway 70 headed in the eastbound direction, away from the roadblock. The lights in Defendant's vehicle were turned off as he turned his vehicle around. The location where Defendant turned around was 0.6 miles from the roadblock.

At the urging of his supervisor, Lieutenant Shute, Christian got into his vehicle to pursue Defendant. Christian testified that the only reason he pursued Defendant was because Defendant was driving without his headlights on at a time that the law requires headlights to be turned on. From the proof it is evident that Christian was relying upon Tenn. Code Ann. § 55-9-406(a), which provides that:

> (a) The headlights of every motor vehicle shall be so constructed, equipped, arranged, focused, aimed, and adjusted, that they will at all times mentioned in § 55-9-401, and under normal atmospheric conditions and on a level road produce a driving light sufficient to render clearly discernible a person two hundred feet (200') ahead, but shall not project a glaring or dazzling light to persons in front of such headlights. Such headlights shall be displayed during the period from one-half (½) hour after sunset to one-half (½) hour before sunrise, during fog, smoke, or rain and at all other times when there is not sufficient light to render clearly discernible any person on the road at a distance of two hundred feet (200') ahead of such vehicle.

Tenn. Code Ann. § 55-9-406(a) (1997).

Christian stopped Defendant a short distance after beginning the chase. Defendant was behind another vehicle "that had slowed him up." By the time Christian stopped Defendant, Defendant had already turned his headlights back on. Christian initially spoke to Defendant about driving without his lights on. This led to Christian's observation of Defendant's apparent intoxication, the failure of sobriety tests, and Defendant's subsequent arrest for DUI.

The State conceded at the suppression hearing that the driver's license checkpoint roadblock was an "illegal" one in that it did not comply with court rulings on proper constitutional procedures for roadblocks. *See State v. Hicks*, 55 S.W.3d 515 (Tenn. 2001); *State v. Downey*, 945 S.W.2d 102 (Tenn. 1997). However, Christian testified on cross-examination that the stop of Defendant's vehicle was *only* because Defendant was illegally operating his vehicle without its headlights on, and not because Defendant had intentionally avoided the roadblock. The parties stipulated into the record Department of Safety General Order 410. As pertinent to the case on appeal, this General Order contains the provision that "[a] motorist who chooses to avoid a roadblock should be allowed to proceed *unless traffic violations are observed* or probable cause exists to take other action." Dept. of Safety General Order 410, Section IX, H.3 (August 31, 2000) (emphasis added).

Trooper Christian did not know the official time of sunset on the date of Defendant's arrest, but he clearly testified that at the time he observed Defendant, it was dark enough to require headlights to be turned on, and all other vehicles approaching the roadblock had their lights turned on. The trial court made a specific factual finding that Trooper Christian stopped Defendant because of a violation of the motor vehicle light law, Tenn. Code Ann. § 55-9-406, and not because Defendant had avoided the roadblock. The trial court ruled that the stop of Defendant was not unconstitutional and accordingly denied Defendant's motion to suppress evidence.

## ANALYSIS

The findings of fact made by the trial court at the hearing on a motion to suppress are binding upon this court unless the evidence contained in the record preponderates against them. *State v. Ross*, 49 S.W.3d 833, 839 (Tenn. 2001). The trial court, as the trier of fact, is able to assess the credibility of the witnesses, determine the weight and value to be afforded the evidence and resolve any conflicts in the evidence. *State v. Odom*, 928 S.W.2d 18, 23 (Tenn. 1996). The prevailing party is entitled to the strongest legitimate view of the evidence and all reasonable inferences drawn from that evidence. *State v. Hicks*, 55 S.W.3d 515, 521 (Tenn. 2001). However, this court is not bound by the trial court's conclusions of law. *State v. Simpson*, 968 S.W.2d 776, 779 (Tenn. 1998). The application of the law to the facts found by the trial court are questions of law that this court reviews *de novo*. *State v. Daniel*, 12 S.W.3d 420, 423 (Tenn. 2000). The defendant has the burden of establishing that the evidence contained in the record preponderates against the findings of fact made by the trial court. *Braziel v. State*, 529 S.W.2d 501, 506 (Tenn. Crim. App. 1975).

It is well-settled that an automobile stop constitutes a seizure within the meaning of both the Fourth Amendment of the United States Constitution and Article I, section 7 of the Tennessee Constitution. *State v. Harper*, 31 S.W.3d 267, 271 (Tenn. Crim. App. 2000). A minor traffic violation constitutes probable cause for an investigatory stop of a vehicle. *State v. Vineyard*, 958 S.W.2d 730, 734 (Tenn. 1997). The fact that a reasonable police officer might not have stopped the vehicle for the alleged traffic violation does not render the stop illegal. *See Whren v. United States*, 517 U.S. 806, 116 S. Ct. 1769, 135 L. Ed. 2d 89 (1996). However, the officer must have actually observed the alleged violation upon which the stop was based. *Id.*

Defendant argues that the motion to suppress should have been granted because the roadblock was conducted in an unconstitutional manner. He relies upon *State v. Hicks*, 55 S.W.3d 515 (Tenn. 2001) and *State v. Downey*, 945 S.W.2d 102 (Tenn. 1997). In its brief on appeal, the State does not mention these cases, much less directly address the effect, if any, of these cases on the issue raised on appeal. Nevertheless, we conclude that Defendant's reliance on *Hicks* and *Downey* is misplaced. At the trial court level, the State conceded that the roadblock was conducted in an unconstitutional manner according to the holdings in *Hicks* and *Downey*. Procedural requirements for roadblocks set forth by the supreme court were non-existent in this roadblock. Notwithstanding the roadblock's noncompliance with constitutional safeguards, the evidence clearly shows that Defendant was "seized" because probable cause existed that he was operating his vehicle in violation of the law approximately 0.6 miles *away* from the roadblock and was headed in a direction *away* from the roadblock.

Defendant indicates in his brief that he supplemented the appellate record with a "late filed" exhibit which demonstrates that sunset in Monterey, Tennessee, on July 15, 2001, was at 7:59 p.m. Defendant argues that since he was not stopped by Trooper Christian until 8:30 p.m., Defendant could not have violated the light law until after 8:29 p.m., when his lights were already back on. This document is not in the record. Even if it was in the record, we could not consider it because it was not made an exhibit in the trial court. "The inclusion of a document in what has been commonly referred to as the 'technical record' will not, as a matter of law, permit this Court to consider the document when it has not been introduced as evidence or authenticated by the trial court." *State v. Cooper*, 736 S.W.2d 125, 131 (Tenn. Crim. App. 1987).

Under the proper standard of review, t`he record shows that Trooper Christian had probable cause to pursue and stop Defendant away from the roadblock. The fact that Trooper Christian was standing at a constitutionally "illegal" roadblock at the time he observed Defendant's conduct *away* from the roadblock is not significant to the resolution of the certified question of law. Accordingly, Defendant is not entitled to relief in this appeal.

## CONCLUSION

The judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, JUDGE