IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
November 26, 2002 Session

## STATE OF TENNESSEE v. CHRISTOPHER ALLEN HARRIS

**Direct Appeal from the Criminal Court for Hamilton County**
**No. 218008     Rebecca Stern, Judge**

---

**No. E2001-02810-CCA-R3-CD**
**October 29, 2003**

---

On October 29, 1997, the Hamblen County Grand Jury returned an indictment against the appellant, Christopher Allen Harris for rape of a child in violation of Tennessee Code Annotated section 39-13-522. On January 19, 2000, the appellant entered a guilty plea to attempted rape of a child. He received a sentence of eight years to be served as a work-release sentence for 11 months and 29 days in the county workhouse with the balance on intensive probation. The appellant raises the following issues in this appeal: (1) whether he was properly subject to revocation of a Community Corrections sentence, and (2) whether the record preponderates against a determination that he had violated the terms of his Community Corrections sentence. After a review the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and NORMA MCGEE OGLE, J., joined.

John G. McDougal, Chattanooga, Tennessee, for the appellant, Christopher Allen Harris.

Paul G. Summers, Attorney General & Reporter; Thomas E. Williams, Assistant Attorney General; Bill Cox, District Attorney General; and Yolanda Mitchell, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Background

From the record it appears that the appellant was originally sentenced as noted above. On September 11, 2000, for some unknown reason, he was placed on Community Corrections. A capias was issued for the appellant on June 6, 2001. On June 20, 2001, the appellant was reassigned to the Community Corrections program for the remainder of his sentence. On November 5, 2001, following a revocation hearing, the trial court revoked appellant's Community Corrections sentence

and ordered the appellant to serve the remainder of his sentence incarcerated. The appellant requested and was granted an evidentiary hearing on November 12, 2001. This hearing was to allow introduction of evidence from appellant's father and grandfather that he had trouble submitting to authority or following rules his entire life. Defense counsel conceded that the appellant had violated the terms of his Community Corrections program, but maintained that his violation did not warrant a revocation. The trial court reaffirmed its prior holding and revoked the appellant's community corrections sentence.

## Analysis

The appellant argues that based on the original judgment, he was not serving a community corrections sentence at the time of his revocation. The appellant further maintains that the court had no authority to revoke his sentence because his violation occurred approximately seventeen months after a judgment was entered sentencing him to eight years and ordering him to serve eleven months and twenty-nine days in the county workhouse followed by seven years on probation.

Because it appears to the court that the record on appeal is not adequate to facilitate review, the appellant has waived this issue. See Tenn. R. App. P. 24(b) ("[T]he appellant shall have prepared a transcript of such part of the evidence or proceedings as is necessary to convey a fair, accurate and complete account of what transpired with respect to those issues that are the basis of appeal."). In addition, when a record is not complete and does not contain relevant information, this Court must presume that the trial court was correct in its ruling. See State v. Richardson, 875 S.W.2d 671, 674 (Tenn. Crim. App. 1993); State v. Cooper, 736 S.W.2d 125, 131 (Tenn. Crim. App. 1987).

The record does not contain the transcript from the November 5, 2001 hearing where the court revoked the appellant's Community Corrections sentence. Also, the appellant did not include orders and transcripts relating to proceedings which occurred between the appellant's original sentencing and the revocation hearing raised in this appeal. As such, we are without an adequate record for review, and accordingly, this Court must make the determination that the trial court is correct. Therefore, based on the foregoing, this issue is waived.[1]

Secondly, the appellant contends that the trial court abused its discretion in revoking his community corrections sentence. A trial court's discretion is abused only if the record contains no substantial evidence to support the conclusion of the trial court that a violation of the appellant's Community Corrections sentence has occurred. See State v. Gregory, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997). Because the record before this Court does not contain the November 5, 2001 transcript of the State's evidence which led the trial court to revoke the Community Corrections

---

[1]Although in this case we are able to discern from the record that the appellant was placed on community corrections, the State as the appellee in criminal cases would be well-advised, out of a sense of prudence, to ensure in the future that the record is sufficient to support the appellee's position on appeal.

sentence, the appellant has waived any consideration of the merits of this issue.  <u>See</u> Tenn. R. App. P. 24(b).


<u>Conclusion</u>

Based on the foregoing, we AFFIRM the judgment of the trial court.


_____
JERRY L. SMITH, JUDGE