IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 18, 2004

## STATE OF TENNESSEE v. SHEILA TERESA GAYE BOBADILLA and BENJAMIN BERNAL BOBADILLA

**Direct Appeal from the Criminal Court for Greene County**
**Nos. 03CR070, 03CR070A     James E. Beckner, Judge**

_____

**No. E2003-02369-CCA-R3-CD - Filed July 6, 2004**

_____

The defendants, husband and wife Benjamin Bernal Bobadilla and Sheila Teresa Gaye Bobadilla, were each charged by the Greene County Grand Jury with possession of more than .5 grams of cocaine with the intent to sell or deliver, a Class B felony, and possession of drug paraphernalia, a Class A misdemeanor. Following the trial court's denial of their motions to suppress, Benjamin Bobadilla pled guilty to the indicted offenses in exchange for an effective eight-year sentence as a Range I, standard offender, and Sheila Bobadilla pled guilty to facilitation of possession of cocaine with the intent to sell or deliver, a Class D felony, and the misdemeanor drug paraphernalia count of the indictment in exchange for an effective three-year sentence as a Range I, standard offender. Pursuant to Tennessee Rule of Criminal Procedure 37(b)(2), both defendants reserved identical certified questions of law; namely, whether the search warrant and accompanying affidavit issued for their home violated the United States and Tennessee Constitutions as well as Tennessee Rule of Criminal Procedure 41(c). Following our review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JOE G. RILEY, J., joined.

T. Wood Smith, Greeneville, Tennessee, for the appellant, Sheila Teresa Gaye Bobadilla; and J. Russell Pryor, Greeneville, Tennessee, for the appellant, Benjamin Bernal Bobadilla.

Paul G. Summers, Attorney General and Reporter; Elizabeth T. Ryan, Assistant Attorney General; C. Berkeley Bell, Jr., District Attorney General; and Eric D. Christiansen, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## FACTS

On May 13, 2003, Greene County Deputy Sheriff Doug Johnson, a member of the Third Judicial District Drug Task Force, executed a search warrant for the defendants' home, uncovering the cocaine and drug paraphernalia that formed the basis for the indictments returned in this case. Both defendants filed motions to suppress the evidence uncovered, asserting, *inter alia*, that the affidavit in support of the search warrant was insufficient to establish probable cause for the search and that the warrant failed to comply with Tennessee Rule of Criminal Procedure 41(c) because the issuing magistrate failed to endorse it with the date, time, and name of the officer to whom it was delivered for execution. Following a suppression hearing, the trial court overruled the defendants' motions. Thereafter, the defendants negotiated guilty pleas conditioned upon their right to appeal the trial court's ruling on the suppression issue. The certified question of law is reflected under the "special conditions" section of the defendants' judgments as follows:

> [T]he Defendant may appeal a certified question of law having the consent of both the Court & the State, both of whom are of the opinion, along with the Defendant, that the certified question is dispositive of the case. The certified question of law reserved by Defendant as part of his plea agreement is as follows: whether the search warrant and affidavit that led to the search of Defendant's residence violated the TN & US Constitutions and Tenn. R. Crim. P. 41 so as to render all of the evidence seized pursuant thereto illegal and inadmissible.

## ANALYSIS

Both defendants argue on appeal that the warrant failed to comply with Tennessee Rule of Criminal Procedure 41(c) because the magistrate neglected to endorse it with the hour or the name of the officer to whom it was delivered for execution. Benjamin Bobadilla additionally argues that the information provided in Deputy Johnson's affidavit was insufficient to establish probable cause to support the issuance of the warrant. The State responds by asserting that the defendants failed to preserve the issue for appeal, thereby precluding appellate review, because the search warrant was not introduced as evidence and therefore not properly made a part of the record on appeal.

In support of its argument that the search warrant is not in evidence, the State relies on State v. Melson, 638 S.W.2d 342, 361 (Tenn. 1982), in which our supreme court refused to reach the merits of a defendant's challenge to the validity of a search warrant because the warrant was not properly made a part of the record on appeal. In that case, the warrant appeared in the record only as an attachment stapled to a memorandum of law. The warrant was not referenced in the memorandum, and, apparently, no attempt was made to introduce it into evidence at the suppression hearing. Id. In the present appeal, although both defendants attached a copy of the search warrant

and affidavit to their motions to suppress and referenced the documents in their motions, the search warrant was not entered as an exhibit at the suppression hearing. The transcript of the suppression hearing reflects that Benjamin Bobadilla's counsel directed the trial court's attention to the warrant and accompanying affidavit at the hearing, referring to the documents as an attached "exhibit":

> [COUNSEL]: The main motion I'm here on is motion to suppress [and] an amendment that I filed, in addition to the original motion to suppress that I filed. And all the issues revolve around the search warrant that was issued in this matter.
>
> THE COURT: Okay. Do I have a copy of the search warrant?
>
> [COUNSEL]: If you look at my original motion to suppress, it was attached as an exhibit, as well as the affidavit for the court of the search warrant.
>
> THE COURT: Okay.

The chronology of this matter is that the hearing on the defendants' motions to suppress was conducted on September 12, 2003, and the trial court overruled the motions following the hearing. The defendants pled guilty on September 26, 2003, and filed their notices of appeal on September 29, 2003, and October 27, 2003, respectively. On April 29, 2004, the defendants filed a "Stipulation" in this court, signed by the assistant district attorney who prosecuted the case and counsel for both defendants, agreeing that the search warrant and affidavit included in the record were true and exact copies of the warrant and accompanying affidavit issued in the cause and considered by the trial court at the September 12, 2003, suppression hearing. Although the State Attorney General's office had filed its brief in this matter on April 1, 2004, that office apparently was not supplied with a copy of this document prior to its being filed, judging by the fact that the stipulation does not bear a certificate of service to the State's counsel.

In State v. Cooper, 736 S.W.2d 125 (Tenn. Crim. App. 1987), this court was asked to review the denial of a motion to suppress, but declined to do so because, as here, the search warrant was not properly in the evidence:

> Unfortunately, we are unable to resolve this issue on the merits because the search warrant and the affidavit given in support of the search warrant were never introduced into evidence. However, they have been included in what was formerly referred to as the "technical record." An examination of the documents reveals no indicia that they were made an exhibit at the suppression hearing or the trial; and they have not been authenticated by the trial judge.

-3-

Id. at 131.

The court then explained the procedure whereby an item is received into evidence:

> Before an exhibit may be considered by this Court, it must have been (a) received into evidence, (b) marked by the trial judge, clerk or court reporter as having been received into evidence as an exhibit, (c) authenticated by the trial judge, and (d) included in the transcript of the evidence transmitted to this Court.

Id. (citations omitted).

Relying on Melson, 638 S.W.2d at 351, the court explained that the defendant's suppression issue could not be considered on appeal, for "[w]hen the record is incomplete, and does not contain the proceedings and documents relevant to an issue, this Court is precluded from considering the issue." Id.

Subsequently, in State v. Brewer, 989 S.W.2d 349 (Tenn. Crim. App. 1997), we applied the holding in Cooper in concluding that we could not consider the defendant's suppression claims when a copy of the search warrant was in the technical record and attached to his brief, but the copies had not been certified by the trial court, as required:

> A facsimile of an affidavit and a search warrant appears in the technical record that was prepared and certified by the trial court clerk. Also, a facsimile of these items was appended to the defendant's brief, and the brief identified the facsimile as a copy of the affidavit and warrant now under attack. While appending a copy of the affidavit and warrant to the brief is helpful to this court if they were otherwise properly set forth in the record, we find that the affidavit and search warrant at issue were not properly before the court. They were not offered into evidence at the suppression hearing, and no copies of the affidavit and warrant that appear in the technical record have been certified or authenticated by the trial judge.

Id. at 352-53.

Accordingly, this court determined that, while the appellate claims as to the service of the search warrant could be considered because they did not require an examination of the search warrant, the various other issues claiming inadequacies in the warrant could not, because a copy was not properly in the record. Applying these holdings, we agree with the State that we may not consider the defendants' claims on appeal because the search warrant is not in evidence.

## CONCLUSION

Based upon the foregoing authorities and reasoning, we affirm the judgments of the trial court.

_____
ALAN E. GLENN, JUDGE