IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs July 10, 2018

**STATE OF TENNESSEE v. KENNETH MARK JONES**

**Appeal from the Circuit Court for Dyer County**
**No. 2016-CR-343   Russell Lee More, Jr., Judge**

_____

**No. W2017-01607-CCA-R3-CD**

_____

On May 25, 2017, the Defendant, Kenneth Mark Jones, was convicted by a jury for the sale of less than 0.5 grams of cocaine, a Class C felony. See Tenn. Code Ann. § 39-17-417(a)(3). The trial court subsequently sentenced the Defendant to three years confinement as a Range I, standard offender. On appeal, the Defendant contends that the evidence was insufficient to sustain his conviction because he was merely guilty of facilitation. Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which ALAN E. GLENN and CAMILLE R. MCMULLEN, JJ., joined.

James E. Lanier, District Public Defender; and, Sean P. Day, Assistant District Public Defender, for the appellant, Kenneth Mark Jones.

Herbert H. Slatery III, Attorney General and Reporter; Ronald L. Coleman, Assistant Attorney General; C. Phillip Bivens, District Attorney General; and, Lance E. Webb, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTUAL BACKGROUND**

The Defendant's conviction stems from a controlled purchase of illegal drugs by the Dyersburg Police Department in May 2014. Prior to the sale, Dyersburg Police Department confidential informant Mike Cole identified the Defendant as a potential

-1-

source of illegal drugs, specifically cocaine. On May 20, 2014, Dyersburg Police Detective Mike Leggett and Officer Chris Pursell outfitted Mr. Cole with an audio transmitter, video recorder, and seventy dollars to purchase cocaine from the Defendant. They searched Mr. Cole and his vehicle to ensure no additional controlled substances or money were present.

While Detective Leggett and Officer Pursell waited in a car nearby, monitoring the transaction, Mr. Cole met with the Defendant at the Defendant's apartment to buy the cocaine. While Mr. Cole was inside the apartment, he gave the Defendant sixty dollars for the cocaine. The Defendant did not possess the drugs at that time. Instead, an unknown third party brought the cocaine to the Defendant's apartment. This third party gave a package to the Defendant, and the Defendant then gave Mr. Cole sixty dollars-worth of cocaine. After the sale was complete, Mr. Cole left the Defendant's apartment and gave the cocaine and remaining ten dollars to Detective Leggett. Mr. Cole recorded video of the transaction and transmitted live audio to the nearby Detective Leggett and Officer Pursell. The record indicates the jury saw the video of the entire transaction and found the Defendant guilty as charged; however, that video was not included in the appellate record.

At trial, a forensic scientist with the Tennessee Bureau of Investigation testified that the substance provided to Detective Leggett by Mr. Cole was cocaine and weighed 0.32 grams, based on his forensic testing. The chain of custody of the cocaine from the time of the sale to the trial is not disputed.

## ANALYSIS

The Defendant contends that the evidence presented at trial was insufficient to sustain his conviction. The Defendant argues that the evidence only supports a conviction for the lesser-included offense of facilitation for the sale of cocaine under 0.5 grams. The State responds that the Defendant is not entitled to relief because the evidence was sufficient for the trier of fact to find the elements of the crime beyond a reasonable doubt.

An appellate court's standard of review when the defendant questions the sufficiency of the evidence on appeal is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). This court does not reweigh the evidence, rather, it presumes that the jury has resolved all conflicts in the testimony and drawn all reasonable inferences from the evidence in favor of the State. See State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). "Questions concerning the credibility of the witnesses, the weight and value of the evidence, as well as all factual

issues raised by the evidence are resolved by the trier of fact." State v. Bland, 958 S.W.2d 651, 659 (Tenn. 1997).

A guilty verdict "removes the presumption of innocence and replaces it with a presumption of guilt, and [on appeal] the defendant has the burden of illustrating why the evidence is insufficient to support the jury's verdict." Bland, 958 S.W.2d at 659). A guilty verdict "may not be based solely upon conjecture, guess, speculation, or a mere possibility." State v. Cooper, 736 S.W.2d 125, 129 (Tenn. Crim. App. 1987). However, "[t]here is no requirement that the State's proof be uncontroverted or perfect." State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983). Put another way, the State is not burdened with "an affirmative duty to rule out every hypothesis except that of guilt beyond a reasonable doubt." Jackson, 443 U.S. at 326.

The foregoing standard "applies to findings of guilt based upon direct evidence, circumstantial evidence, or a combination of [both] direct and circumstantial evidence." State v. Pendergrass, 13 S.W.3d 389, 392-93 (Tenn. Crim. App. 1999). Both "direct and circumstantial evidence should be treated the same when weighing the sufficiency of such evidence." State v. Dorantes, 331 S.W.3d 370, 381 (Tenn. 2011). The duty of this court "on appeal of a conviction is not to contemplate all plausible inferences in the [d]efendant's favor, but to draw all reasonable inferences from the evidence in favor of the State." State v. Sisk, 343 S.W.3d 60, 67 (Tenn. 2011).

Tennessee Code Annotated section 39-17-417(a)(3) makes it an offense to knowingly sell a controlled substance. Cocaine is a Schedule II controlled substance. Tenn. Code Ann. § 39-17-408(b)(4). The sale of cocaine in the amount of less than 0.5 grams is a Class C felony. Tenn. Code Ann. § 39-17-417(c)(2)(A). A person acts "knowingly" when he is aware of the nature of his conduct or is reasonably certain that his conduct will cause the result. Tenn. Code Ann. § 39-11-302(b).

The evidence, viewed in the light most favorable to the State, was sufficient to establish that the Defendant knowingly sold less than 0.5 grams of cocaine to Mr. Cole. Mr. Cole indicated to the Defendant that he desired to purchase cocaine. While in the Defendant's apartment, Mr. Cole gave the Defendant sixty dollars, and the Defendant eventually gave Mr. Cole a substance later determined to be cocaine. With respect to the Defendant's argument that he was merely guilty of facilitation, we note that when a jury convicts a defendant on the greater offense charged, the jury has necessarily rejected all of the lesser-included offenses. State v. Banks, 271 S.W.3d 90, 126 (Tenn. 2008). Moreover, while a third part was involved, the Defendant was the organizer for the transaction. Accordingly, we conclude that the evidence was sufficient to sustain he Defendant's conviction.

**CONCLUSION**

Upon consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE