IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 16, 2002

## STATE OF TENNESSEE  v. CALVIN M. NEWSOM and ERIC D. WHITE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2000-C-1569     Cheryl Blackburn, Judge**

---

**No. M2001-02731-CCA-R3-CD - Filed January 14, 2003**

---

A Davidson County jury convicted the Appellants, Calvin M. Newsom and Eric D. White, of possession of .5 grams or more of cocaine, a Schedule II controlled substance, with intent to sell; possession of alprozolam, a Schedule IV controlled substance, with intent sell; felony possession of a deadly weapon; simple possession of marijuana; and possession of drug paraphernalia. Newsom and White raise one issue for our review, whether the evidence was sufficient to support their convictions. After review, we conclude that the proof is insufficient to establish that Newsom and White possessed the drugs, drug paraphernalia, and weapons found inside the residence. Accordingly, the judgments of conviction are reversed and dismissed.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Reversed and Dismissed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JERRY L. SMITH and JOHN EVERETT WILLIAMS, JJ., joined.

Michael A. Colavecchio, Nashville, Tennessee, for the Appellant, Calvin M. Newsom; Barry R. Tidwell, Nashville, Tennessee, for the Appellant, Eric D. White.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Helena Walton Yarbrough, Assistant Attorney General; Victor S. (Torry) Johnson, III, District Attorney General; and Roger Moore, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Factual Background

Based upon a purchase of drugs by Metro Police undercover agents at 904 40th Avenue, Nashville, a search warrant was obtained, and a search of the apartment was conducted. Around 11:00 p.m. on May 30, 2000, the Special Weapons and Tactics (SWAT) unit arrived at the residence,

knocked on the door, and announced their presence using a loud PA system. No response was received, and the SWAT team forcibly entered the residence, performed a quick search, and secured the only occupants, the Appellants and Laquanda Boyce. Metro Officer Michael R. Moss entered the apartment and encountered the Appellant White "at the very top of the steps in the bathroom." A search of the bathroom revealed no drugs; however, Officer Moss testified that the Appellant White appeared to be under the influence of some illegal substance. The Appellant Newsom was discovered partially undressed, boxer shorts only, in an upstairs bedroom lying in bed with Boyce. All three suspects were taken downstairs and placed on the couch. Officer Moss testified that he did not see anyone moving around prior to entry into the apartment and, after entry, he did not detect any evidence of cooking or smoking cocaine. Furthermore, he testified that no drugs, drug paraphernalia, or weapons were found on the persons of the three suspects. After placing the suspects on the couch, a complete search was conducted of the premises, and the following items were discovered:

1. On the kitchen table - plastic sandwich-type bags containing a couple of white rocks, which field-tested positive for cocaine;

2. Semi-automatic handgun - the testimony at trial was unclear as to the exact location but indicated it was most likely found in the unoccupied bedroom;

3. In the downstairs closet - a 30/30 scope caliber rifle, and a Taurus semi-automatic handgun;

4. Inside a green bag on the kitchen counter - a large Bowie knife and drug paraphernalia; pipes, a glass beaker, baking soda, alcohol, lighters, a plate, a spoon with white powder residue and burn marks, and rubber gloves;

5. Inside a kitchen cabinet - a large bag of white powder, later determined not to be a controlled substance, and a small .25 caliber semi-automatic handgun;

6. In the upstairs bedroom - a Ruger semi-automatic handgun and a 30-round magazine found near a bag of clothes; a Wesson .38 snub-nose revolver "laying right up underneath the edge of the bed; marijuana on a bedroom table; a cigarette carton with money shoved inside; a couple of bags of white powder, later determined to be cocaine; money lying on a shelf; plastic sandwich-type bags; Swisher Sweet cigars, commonly used to make blunts; electronic scales; alprazolam pills; and white powder all over the bedroom table;

7. A gambling slip/numbers ticket with the initials E.W. on it - again the testimony at trial was unclear as to the exact location but indicated the item was most likely found on the kitchen table; and

8. Walkie-talkies - location unknown.

On August 25, 2000, a Davidson County grand jury indicted the Appellants and Boyce for: Count I - possession with intent to sell .5 grams of cocaine or more, a class B felony; Count II - possession with intent to sell alprozolam, a class D felony; Count IV - simple possession of marijuana, a class A misdemeanor; and Count V - possession of drug paraphernalia, a class A misdemeanor. The Appellants were additionally indicted in Count III for being felons in possession of a deadly weapon, a class E felony. In Count VI - the Appellant White was indicted for possession of a gambling device or record, a class B misdemeanor, and in Count VII - the Appellant Newsom was indicted for criminal impersonation, a class A misdemeanor, because he initially gave a false name to the police. Guilty pleas were entered on Counts VI and VII, and the Appellants proceeded to trial on the remaining counts. After a trial by jury, the Appellants were found guilty as charged. Following a sentencing hearing, the Appellant White received an effective sixteen-year sentence, and the Appellant Newsom received an effective twenty-four-year sentence. Their motions for new trial were denied, and this timely appealed followed.

## ANALYSIS

In this joint appeal, the Appellants argue that the evidence was insufficient to support their convictions. Specifically, they contend that there was insufficient evidence that they constructively possessed the drugs, drug paraphernalia, and weapons found in the residence. A jury conviction removes the presumption of innocence with which a defendant is cloaked and replaces it with one of guilt, so that on appeal, a convicted defendant has the burden of demonstrating that the evidence is insufficient. *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). In determining the sufficiency of the evidence, this court does not reweigh or reevaluate the evidence. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978). Likewise, it is not the duty of this court to revisit questions of witness credibility on appeal, that function being within the province of the trier of fact. *State v. Holder*, 15 S.W.3d 905, 911 (Tenn. 1999); *State v. Burlison*, 868 S.W.2d 713, 719 (Tenn. Crim. App. 1993). Instead, the Appellant must establish that the evidence presented at trial was so deficient that no reasonable trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Tenn. R. App. P. 13(e); *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *State v. Cazes*, 875 S.W.2d 253, 259 (Tenn. 1994). Moreover, the State is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. *State v. Harris*, 839 S.W.2d 54, 75 (Tenn. 1992). These rules are applicable to findings of guilt predicated upon direct evidence, circumstantial evidence, or a combination of both direct and circumstantial evidence. *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). As in the case of direct evidence, the weight to be given circumstantial evidence and "the inferences to be drawn from such evidence, and the extent to which the circumstances are consistent with guilt and inconsistent with innocence, are questions primarily for the jury." *Marable v. State*, 313 S.W.2d 451, 457 (Tenn. 1958) (citation omitted).

In this regard, all occupants of the apartment were charged with possession of all of the contraband found throughout the residence. There is no dispute as to the nature of the items found in the residence. The only issue is whether the Appellants were in possession of the drugs, drug paraphernalia, and weapons. To convict a defendant for possession of a controlled substance, the

State must prove that the defendant knowingly possessed a controlled substance. *See* Tenn. Code Ann. § 39-17-417(a) (Supp. 2002). Likewise, to convict a defendant of possession of drug paraphernalia, the State must show that the defendant possessed the drug paraphernalia with the intent to use. *See* Tenn. Code Ann. § 39-17-425 (a)(1) (1997). Possession, an essential element of the offense, may be proved by evidence of acts, declarations, or conduct, or may be inferred from control over the premises. *See State v. Transou*, 928 S.W.2d 949, 956 (Tenn. Crim. App. 1996). Knowledge only of the location or presence of drugs is not equivalent to possession.

A conviction of possession of drugs or drug paraphernalia may be based upon either actual or constructive possession. *See State v. Cooper*, 736 S.W.2d 125, 129 (Tenn. Crim. App. 1987). In discussing the nature of constructive possession in a similar context, this court has stated that before a person can be found to constructively possess drugs or drug paraphernalia, it must appear that the person has "the power and intention at a given time to exercise dominion and control over . . . [the drugs or drug paraphernalia] either directly or through others." *Transou*, 928 S.W.2d at 949. However, mere presence in an area where the drugs are discovered is not, standing alone, sufficient to support a conviction for possession. *Id.* "Likewise, mere association with a person who does in fact control the drugs or property where the drugs are discovered is insufficient to support a finding that the person possessed the drugs." *Id.* The above analysis is likewise applicable to the Appellants' convictions for being felons in possession of a weapon. *See* Tenn. Code Ann. § 39-17-1307 (1997) (possession is an essential element of the offense).

Viewed in the light most favorable to the State, we find that the evidence at trial was insufficient to convict the Appellants of possession of cocaine, alprozolam, marijuana, weapons, and drug paraphernalia beyond a reasonable doubt. First, the State did not provide any evidence who owned or rented the apartment. No evidence was provided that the Appellants lived in the apartment or had ever visited there before. Second, the officers did not find any of the contraband on the Appellants' persons. Third, officers failed to discover any evidence connecting the Appellants with the apartment or its contents. No surveillance of the premises was conducted. There was nothing to indicate that the Appellants brought the items into the apartment. In addition, Officer Moss testified that there was no evidence to connect the Appellants with the items, other than their presence when the search warrant was executed. Regarding the Appellant White, there was no proof that he was ever in the other rooms of the apartment where the items were located. Mere physical proximity to a controlled substance is insufficient to establish actual possession, and mere presence on the premises does not create an inference of control over the drugs found therein.

The State argues that the circumstantial evidence was sufficient to support a finding that the Appellants intended to exercise dominion and control over the items discovered in the residence. This is mere speculation. Although it is well established that circumstantial evidence alone may be sufficient to support a conviction, before an accused may be convicted of a criminal offense based exclusively upon circumstantial evidence, "it must establish such a certainty of guilt of the accused as to convince the mind beyond a reasonable doubt" that the Appellants were the ones who committed the crimes. *State v. Crawford*, 470 S.W.2d 610, 612 (Tenn. 1971). In other words, "[a] web of guilt must be woven around the defendant from which he cannot escape and from which facts

and circumstances the jury could draw no other reasonable inference save the guilt of the defendant beyond a reasonable doubt." *Id*. at 613. We find that this evidence does not exclude every other reasonable hypothesis save the guilt of the Appellants.

In this case, the fact that the Appellant White appeared under the influence of some illegal substance does not provide additional evidence of possession. No drugs tests were performed, and no further inquiry at trial was made concerning the Appellant's behavior. The fact that the Appellant White pled guilty to possession of a gambling device or record does not permit a rational jury to infer possession of the contraband in the apartment. Additionally, the fact that the Appellant Newsom was partially unclothed and in the immediate vicinity of many of the illegal items is, alone, not enough to infer that he exercised dominion and control of the items. Again, no proof was presented as to who owned, rented, visited, or who was residing in the apartment. Details of the previous drug purchase supporting the search warrant were not admitted into evidence. No fingerprint analysis was done on any of the items seized. Ownership of the weapons was not established nor was there any proof which connected the weapons to either of the Appellants. It appears from Officer Moss' testimony that, had the Appellants not been present in the residence, they would not have been arrested. Based upon the foregoing, we find that the evidence was insufficient to sustain the Appellants' convictions.

## CONCLUSION

In sum, we conclude that the evidence was insufficient to support the Appellants' convictions for possession of .5 grams or more of cocaine with intent to sell, possession of alprozolam with intent to sell, felons in possession of a deadly weapon, simple possession of marijuana, and possession of drug paraphernalia. The State failed to prove that the Appellants possessed the illegal items, an essential element of the crime. Accordingly, the judgment of the Davidson County Criminal Court is reversed and the convictions with respect to each Appellant are dismissed.

_____
DAVID G. HAYES, JUDGE