IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 13, 2004

## STATE OF TENNESSEE v. MICHAEL ROGERS

**Direct Appeal from the Circuit Court for Lauderdale County**
**No. 7413     Joseph H. Walker, III, Judge**

-------

**No. W2003-02175-CCA-R3-CD  - Filed July 14, 2004**

-------

The appellant, Michael Rogers, was found guilty by a jury in the Lauderdale County Circuit Court of possession of more than one-half ounce of marijuana with the intent to deliver. He was sentenced to six years incarceration in the Tennessee Department of Correction. On appeal, the appellant challenges the sufficiency of the evidence supporting his conviction. Upon review of the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Didi Christie, Brownsville, Tennessee (on appeal) and Julie K. Pillow, Somerville, Tennessee (at trial), for the appellant, Michael Rogers.

Paul G. Summers, Attorney General and Reporter; Elizabeth T. Ryan, Senior Counsel, Elizabeth T. Rice, District Attorney General; and Tracey A. Brewer, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### I.  Factual Background

On January 11, 2003, Investigators John Thompson and Brian Kelly and Officer Kenneth Richardson went to Club 2-5, which is located in Lauderdale County, to perform a "walk-through." The officers were clearly recognizable as law enforcement. While walking through the club, Investigator Thompson observed the disc jockey (DJ), Tony Bernard Yanders, standing at the DJ booth. The appellant was standing in front of Yanders with his back facing Investigator Thompson and his right hand extended in Yanders' direction.

When Yanders noticed Investigator Thompson, he threw his hands up and backed away from the appellant. Suspicious, Investigator Thompson approached the two men. When Investigator Thompson got within touching distance, the appellant turned and made eye contact with him. After noticing the investigator, the appellant dropped a bag containing 1.6 grams of marijuana from his right hand.

Investigator Thompson picked up the marijuana and attempted to detain the appellant. However, the appellant pulled away from the investigator. As the appellant was attempting to leave, Investigator Thompson saw him drop a second bag. Inside the bag were twelve individual bags of marijuana. Investigator Thompson opined that the marijuana was packaged for resale.

Investigator Thompson arrested the appellant. Upon searching the appellant, Investigator Thompson found $104. The appellant claimed that the cash belonged to his girlfriend, Linda Taylor. Taylor confirmed that the money belonged to her. Additionally, Investigator Thompson did not find any paraphernalia for smoking marijuana in the appellant's possession.

Investigator Thompson submitted the two bags of marijuana to the Tennessee Bureau of Investigation (TBI) for testing. Agent Kay Sherriff of the TBI tested the materials and confirmed that the two bags contained a total of 18.6 grams of marijuana, well over one-half ounce.[1]

The appellant testified on his own behalf at trial. The appellant recalled that on January 11, 2003, he and his girlfriend, Linda Taylor, went to the Club 2-5. After they arrived, he went to the DJ booth to talk with Yanders and request a song. Yanders had his headphones on and did not notice the appellant. In order to get Yanders' attention, the appellant raised and moved his hand. About the time Yanders looked up, Investigator Thompson approached the appellant and grabbed him. The appellant denied that the marijuana found by Investigator Thompson belonged to him. He explained that his hands were raised because, "Well, if you in a club, you know, I got a habit, you know, of pumping it up, you know, trying to get things started. So, you know, it wasn't that many people there, so just have my own fun."

Yanders, Taylor and Stanley Bernard Lattimore also testified on behalf of the appellant, stating that they did not see the appellant in possession of marijuana that night.

Based upon the foregoing facts, the appellant was convicted of possessing over one-half ounce of marijuana with the intent to deliver. The appellant was sentenced as a career offender to six years incarceration. The appellant's sole issue on appeal is the sufficiency of the evidence underlying his conviction.

## II. Analysis

---

[1] One-half ounce of marijuana weighs 14.17 grams.

On appeal, a jury conviction removes the presumption of the appellant's innocence and replaces it with one of guilt, so that the appellant carries the burden of demonstrating to this court why the evidence will not support the jury's findings. See State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). The appellant must establish that no "reasonable trier of fact" could have found the essential elements of the offense beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Tenn. R. App. P. 13(e).

Accordingly, on appeal, the State is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. See State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983). In other words, questions concerning the credibility of witnesses and the weight and value to be given the evidence, as well as all factual issues raised by the evidence, are resolved by the trier of fact, and not the appellate courts. See State v. Pruett, 788 S.W.2d 559, 561 (Tenn. 1990).

Tennessee Code Annotated section 39-17-417(a)(4) (2003) provides that it is an offense to knowingly possess a controlled substance, such as marijuana, with the intent to deliver. See also Tenn. Code Ann. § 39-17-417(g)(1). Possession of an object can be either actual or constructive. See State v. Transou, 928 S.W.2d 949, 955 (Tenn. Crim. App. 1996). To establish constructive possession, it must be shown that the person accused had the power and intention at a given time to exercise dominion and control over the object directly or through others. See State v. Cooper, 736 S.W.2d 125, 129 (Tenn. Crim. App. 1987). In other words, "'constructive possession is the ability to reduce an object to actual possession.'" Id. (quoting State v. Williams, 623 S.W.2d 121, 125 (Tenn. Crim. App. 1981)).

In the light most favorable to the State, the proof at trial revealed that Investigator Thompson saw the appellant drop two bags containing over one-half ounce of marijuana. The marijuana was packaged as if for sale or distribution. Moreover, the appellant did not possess any paraphernalia to indicate that the marijuana was for his personal use. We conclude that the foregoing facts are sufficient to sustain the appellant's conviction for possession of over one-half ounce of marijuana with the intent to distribute. See State v. Dedonnas R. Thomas, No. W2000-01465-CCA-R3-CD, 2002 WL 1558687, at *3 (Tenn. Crim. App. at Jackson, Jan. 30, 2002). This issue is without merit.

### III. Conclusion

Finding no error, we affirm the judgment of the trial court.

_____
NORMA McGEE OGLE, JUDGE