IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 12, 2005

## STATE OF TENNESSEE v. GLORIA A. PORTER

**Appeal from the Circuit Court for Hardin County**
**No. 8341     C. Creed McGinley, Judge**

**No. W2004-02464-CCA-R3-CD  - Filed September 21, 2005**

Aggrieved of her convictions of possession of cocaine with intent to manufacture, sell, or deliver and of simple possession of marijuana, the defendant, Gloria A. Porter, appeals. Because we have determined that the evidence was insufficient to support the convictions, we reverse and remand the case to the trial court for dismissal of the charges.

**Tenn. R. App. P. 3; Judgments of the Circuit Court are Reversed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JERRY L. SMITH and NORMA MCGEE OGLE, JJ., joined.

Vance Dennis, Savannah, Tennessee, for the Appellant, Gloria A. Porter.

Paul G. Summers, Attorney General & Reporter; Elizabeth T. Ryan, Senior Counsel, Criminal Justice Division; G. Robert Radford, District Attorney General; and John W. Overton, Jr., Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

A Hardin County Circuit Court grand jury indicted the defendant on one count of possession of cocaine with intent to manufacture, sell, or deliver, and one count of simple possession of marijuana. In a joint trial with co-defendant Bobby Shane Hurley, the jury convicted the defendant on both counts, and the trial court sentenced her to a Department of Correction sentence of 14 years as a Range II offender on the first count and to a term of 11 months and 29 days on the second count. The court imposed the sentences to run concurrently. In her timely appeal, the defendant challenges the sufficiency of the convicting evidence.

When an accused challenges the sufficiency of the evidence, an appellate court's standard of review is whether, after considering the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Tenn. R. App. P. 13(e); *Jackson v. Virginia*, 443 U.S. 307, 324, 99 S. Ct. 2781,

2791-92 (1979); *State v. Winters*, 137 S.W.3d 641, 654 (Tenn. Crim. App. 2003). This rule applies to findings of guilt based upon direct evidence, circumstantial evidence, or a combination of direct and circumstantial evidence. *Winters*, 137 S.W.3d at 654.

Although a criminal offense may be established exclusively by circumstantial evidence, *Duchac v. State*, 505 S.W.2d 237 (Tenn. 1973), an accused may be convicted exclusively on circumstantial evidence only when the facts and circumstances are so strong and cogent as to exclude every other reasonable hypothesis save the guilt of the defendant, *State v. Crawford*, 225 Tenn. 478, 482, 470 S.W.2d 610, 612 (1971). In other words, "[a] web of guilt must be woven around the defendant from which he cannot escape and from which facts and circumstances the jury could draw no other reasonable inference save the guilt of the defendant beyond a reasonable doubt." *Crawford*, 470 S.W.2d at 613.

In determining the sufficiency of the evidence, this court should neither re-weigh the evidence nor substitute its inferences for those drawn by the trier of fact. *Winters*, 137 S.W.3d at 655. Questions concerning the credibility of the witnesses, the weight and value of the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978). Significantly, this court must afford the State of Tennessee the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence. *Cabbage*, 571 S.W.2d at 835.

In the light most favorable to the state, the evidence presented at trial is summarized as follows. Tim Cunningham, a 24th Judicial District drug task force agent, testified that he and other officers executed a search warrant at the defendant's residence on February 18, 2004. Once inside the residence, the officers discovered five adults and four small children. The defendant was in the kitchen with the other adults; all of the adults were seated at the kitchen table. The defendant's son, Jackie Porter, sat in a kitchen chair on two bags of crack cocaine and two bags of marijuana. The officers found a third bag of crack cocaine on the kitchen floor near the refrigerator. The officers found no "crack pipes," rolling papers, or any other drug paraphernalia. The officers found no controlled substances anywhere in the house other than the kitchen and found nothing in the defendant's pockets.

Agent Cunningham testified that the street value of the crack cocaine in the three bags was about $500. He testified that a typical "user amount" of crack cocaine would be a rock that sells for about $20.

Kenneth Thompson, a Savannah police officer, testified that he participated in executing the search warrant at the defendant's residence and that the bag of crack cocaine found on the floor appeared to have been dropped by co-defendant Bobby Shane Hurley.

Sergeant Tim Kelley of the Savannah Police Department also participated in the execution of the search warrant. He testified that he saw a bag of crack cocaine fall to the floor beside Mr. Hurley and that the other controlled substances were found in a chair underneath Jackie

Porter. Sergeant Kelley discovered the contraband underneath Jackie Porter after Porter "leaned to one side, just like he was shoving something underneath himself." The defendant was seated at the other end of the table.

A regional supervisor for the Tennessee Bureau of Investigation Crime Laboratory testified that the material submitted to her from the drug task force contained a total of 4.4 grams of cocaine and 2.3 grams of marijuana.

Bobby Shane Hurley testified that he went to the defendant's residence on February 18, 2004, upon Jackie Hurley's invitation and because he wanted to see Marguerita Wallace, one of the persons the officers found in the defendant's kitchen. He denied that he brought any drugs to the house, that he went there to buy drugs, and that he had any knowledge of the cocaine found on the floor near him. He testified that when the officers came in, he was seated next to the defendant and stood when the officers ordered the occupants to raise their hands. He testified that the defendant was not in the vicinity where the bag of cocaine was found on the floor.

Marguerita Wallace testified that she was visiting in the Porter home on February 18, 2004, when the officers came in. She testified that Agent Cunningham had already taken the defendant into the living room before the officers found the bag of cocaine on the kitchen floor. She testified that she was unaware of Jackie Porter's possession of contraband until the officers found it in his chair. She did not see the defendant in possession of any drugs that evening, and during the two or three hours she had been at the defendant's residence, she saw no drugs until she saw the police recover the cocaine and marijuana.

Based upon the foregoing evidence, the jury convicted the defendant of both counts of the indictment.[1] In her appeal, she claims that "no evidence was submitted at trial that supported a finding . . . that [she] was ever in actual . . . or constructive possession of the substances."

The offense charged in count one of the indictment is proscribed by Tennessee Code Annotated section 39-17-417(a)(4): "It is an offense for a defendant to knowingly . . . [p]ossess a controlled substance with intent to manufacture, deliver or sell such controlled substance." Tenn. Code Ann. § 39-17-417(a)(4)(2003). The offense charged in count two is proscribed by section 39-17-418(a): "It is an offense for a person to knowingly possess or casually exchange a controlled substance unless the substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of professional practice." *Id.* § 39-17-418(a).

Both offenses require a knowing possession of controlled substances. Tennessee courts recognize that possession may be either actual or constructive. *State v. Shaw*, 37 S.W.3d 900,

---

[1] The record reflects that the jury convicted Bobby Shane Hurley of possession of cocaine with intent to manufacture, deliver, or sell and acquitted him of possession of marijuana. Apparently, Jackie Porter, who had been indicted with the defendant and Hurley, pleaded guilty before trial. None of the other persons present in the defendant's home on February 18, 2004, were charged with offenses.

903 (Tenn. 2001); *see also State v. Bigsby*, 40 S.W.3d 87, 90 (Tenn. Crim. App. 2000). A person constructively possesses a controlled substance when he or she has "the power and intention at a given time to exercise dominion and control over [the contraband] either directly or through others." *Shaw*, 37 S.W.3d at 903 (quoting *State v. Patterson*, 966 S.W.2d 435, 445 (Tenn. Crim. App. 1997)). Said differently, constructive possession is the "ability to reduce an object to actual possession." *State v. Cooper*, 736 S.W.2d 125, 129 (Tenn. Crim. App. 1987). However, "[t]he mere presence of a person in an area where drugs are discovered is not, alone, sufficient." *Bigsby*, 40 S.W.3d at 90; *see also Cooper*, 736 S.W.2d at 129. "Likewise, mere association with a person who does in fact control the drugs or property where the drugs are discovered is insufficient to support a finding that the person possessed the drugs." *Cooper*, 736 S.W.2d at 129.

Applying these rules regarding constructive possession, we hold that the convicting evidence is insufficient to establish beyond a reasonable doubt that the defendant knowingly possessed the contraband. Although she occupied the residence and was present in the room where the drugs were discovered, the evidence showed that the drugs were essentially possessed on the persons of and controlled by two persons, Mr. Hurley and Jackie Porter. Although no one saw Mr. Hurley with a bag of cocaine in his hand, witnesses testified that they saw the bag hit the floor beside where Mr. Hurley was standing. Also, one officer saw Mr. Porter manipulate his body in his chair to place the cocaine and marijuana underneath him in the chair seat. No evidence was introduced that showed that any of the contraband had been lying about the house or had been in view of anyone other than Mr. Hurley and Mr. Porter, respectively. The officers found no other drugs or paraphernalia in the defendant's house, and they found no drugs on her person. Essentially, the drugs in question were found on or about the persons of Mr. Hurley and Mr. Porter.

Under these circumstances, the jury was required to speculate that the defendant knew that Mr. Hurley and Mr. Porter possessed drugs. *State v. Transou*, 928 S.W.2d 949, 956 (Tenn. Crim. App. 1996) (stating that circumstances of defendants' presence in residence where drugs were found in another person's bedroom and on the person of yet another invited mere speculation and were insufficient to support a finding of defendant's constructive possession). Typically, when contraband has been discovered in a residence where more than one person lived or was present, incriminating circumstances other than the defendant's mere occupancy, ownership, or presence have contributed to findings of sufficient evidence of constructive possession. These circumstances include the detection of suspicious commerce at the residence, *see Christopher D. Lanier*, No. W2001-00379-CCA-R3-CD (Tenn. Crim. App., Jackson, Feb. 1, 2002); *State v. Demario Hill*, No. 01C01-9707-CC-00444 (Tenn. Crim. App., Nashville, Sept. 30, 1998); the defendant's sale of drugs from the residence a short time before the search and discovery, *see State v. Thelisa Emery*, No. W2002-02698-CCA-R3-CD (Tenn. Crim. App., Jackson, Mar. 15, 2004), *perm. app. denied* (Tenn. 2004); *Christopher D. Lanier*; the open and obvious nature of the drugs or of paraphernalia for using or packaging the drugs, *see State v. Ross*, 49 S.W.3d 833, 837 (Tenn. 2001); *Thelisa Emery*; *State v. Clifford Leon Farra*, No. W2001-00379-CCA-R3-CD (Tenn. Crim. App., Jackson, Dec. 10, 2003), *perm. app. denied* (Tenn. 2004); *Demario Hill*; and the presence of the drugs in private quarters of the defendant, *see Thelisa Emery*. Indeed, in *State v. Michael E. Wallace*, No. M1999-02187-CCA-R3-CD (Tenn. Crim. App., Nashville, Mar. 1, 2001), a case upon which the state relies

as an analog to the instant case, the contraband was found in areas of the house accessible to the defendant, and the defendant fled his home when officers arrived to execute a search warrant. No similar circumstances are present in the case before us. The circumstantial evidence suggested only the possibility that the defendant knowingly possessed cocaine and marijuana; it failed to exclude every other reasonable hypothesis except the guilt of the defendant.

For this reason, the convictions are reversed, and both counts of the indictment must be dismissed.

_____
JAMES CURWOOD WITT, JR., JUDGE