# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs July 16, 2013

## STATE OF TENNESSEE v. RODERICK CHADWICK

**Appeal from the Criminal Court for Davidson County**
**No. 2005-D-3194       Monte D. Watkins, Judge**

**No. M2012-00311-CCA-R3-CD - Filed November 18, 2013**

On December 2, 2005, the Defendant, Roderick Chadwick, was indicted for selling less than .5 grams of cocaine, a Class C felony; possession of .5 grams or more of cocaine with intent to sell or deliver, a Class B felony; possession of not less than one-half ounce nor more than ten pounds of marijuana with intent to sell or deliver, a Class E felony; possession of drug paraphernalia, a Class A misdemeanor; and evading arrest, a Class A misdemeanor. See Tenn. Code Ann. §§ 39-16-603(a), -17-417, -17-425. The State later dismissed all counts of the indictment except for the counts for selling less than .5 grams of cocaine and evading arrest. Following a jury trial, the Defendant was convicted of both counts. The trial court sentenced the Defendant to an effective sentence of fifteen years. On appeal, the Defendant contends (1) that the evidence was insufficient to sustain his conviction for selling less than .5 grams of cocaine; and (2) that the trial court erred by not allowing the Defendant to cross-examine the undercover officer involved in the drug buy about "inaccurate testimony" he had given in a prior unrelated criminal prosecution. Discerning no error, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and ROGER A. PAGE, JJ., joined.

Kara Everett, Mt. Juilet, Tennessee (on appeal); Claire O'Brien King, Nashville, Tennessee (at trial); and Fikisha Liki Swader, Nashville, Tennessee (at trial), for the appellant, Roderick Chadwick.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; Hugh T. Ammerman, III, and Elen Forrester, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

## FACTUAL BACKGROUND

On August 15, 2005, Detective Yannick Deslauriers of the Metropolitan Nashville Police Department[1] (MNPD) was engaged in an undercover operation attempting "to purchase drugs from street-level drug dealers." Det. Deslauriers testified that around 10:30 p.m., he saw the Defendant "standing on the left side of the road" in a "high drug activity" area of Nashville. Det. Deslauriers drove up to the Defendant and "asked him for a twenty," which was "street lingo for [twenty dollars] worth of crack cocaine." The Defendant told Det. Deslauriers that he did not "serve the police." Det. Deslauriers then told the Defendant to "f--k it" and started to drive away. The Defendant stopped Det. Deslauriers and told him to drive into a nearby alley.

The Defendant asked to see the twenty dollars and "opened his right hand." Det. Deslauriers testified that he saw in the Defendant's right hand "several small yellow rocks consistent with crack cocaine" in plastic bags. The Defendant handed Det. Deslauriers one of the rocks in exchange for the twenty dollars. Det. Deslauriers then "gave the takedown signal" to alert the other officers observing the drug buy to move in and arrest the Defendant. Det. Deslauriers backed his car out of the alley as the other officers began to approach the Defendant. Once the Defendant noticed the approaching officers, "he made a throwing motion" into some nearby grass and then ran, despite being told by the officers to stop several times. The Defendant jumped a fence, but he was eventually apprehended by one of the officers.

The substance the Defendant gave to Det. Deslauriers was sent to the Tennessee Bureau of Investigation (TBI) for testing and was determined to be .2 grams of cocaine base. The other rocks Det. Deslauriers saw in the Defendant's right hand were never recovered. Det. Deslauriers testified that later that night, one of the officers gave him back the twenty-dollar bill used in the sale. However, Det. Deslauriers also testified that the twenty-dollar bill was not on the Defendant when he was searched. The officer that searched the Defendant testified that he found $182 on the Defendant but not the twenty-dollar bill used in the sale. All of the money associated with this case was eventually sent to the MNPD "treasury" and was not available as evidence at trial. Based upon the foregoing, the jury convicted the Defendant of selling less than .5 grams of cocaine and evading arrest.

## ANALYSIS

---

[1]Det. Deslauriers testified that prior to the trial in this case, he left the MNPD to work as a special agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives.

*I. Sufficiency of the Evidence*

The Defendant contends that the evidence was insufficient to sustain his conviction for selling less than .5 grams of cocaine. The Defendant argues that there was no audio or video recording of the transaction and that Det. Deslauriers's testimony was suspect because "the buy money" and "extra contraband" were never recovered. The State responds that the evidence was sufficient to sustain the Defendant's conviction.

An appellate court's standard of review when the defendant questions the sufficiency of the evidence on appeal is "whether, after viewing the evidence in the light most favorable to the prosecution, <u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>Jackson v. Virginia</u>, 443 U.S. 307, 319 (1979). This court does not reweigh the evidence; rather, it presumes that the jury has resolved all conflicts in the testimony and drawn all reasonable inferences from the evidence in favor of the state. <u>See</u> <u>State v. Sheffield</u>, 676 S.W.2d 542, 547 (Tenn. 1984); <u>State v. Cabbage</u>, 571 S.W.2d 832, 835 (Tenn. 1978). Questions regarding witness credibility, conflicts in testimony, and the weight and value to be given to evidence were resolved by the jury. <u>See</u> <u>State v. Bland</u>, 958 S.W.2d 651, 659 (Tenn. 1997).

A guilty verdict "removes the presumption of innocence and replaces it with a presumption of guilt, and [on appeal] the defendant has the burden of illustrating why the evidence is insufficient to support the jury's verdict." <u>Bland</u>, 958 S.W.2d at 659; <u>State v. Tuggle</u>, 639 S.W.2d 913, 914 (Tenn. 1982). A guilty verdict "may not be based solely upon conjecture, guess, speculation, or a mere possibility." <u>State v. Cooper</u>, 736 S.W.2d 125, 129 (Tenn. Crim. App. 1987). However, "[t]here is no requirement that the State's proof be uncontroverted or perfect." <u>State v. Williams</u>, 657 S.W.2d 405, 410 (Tenn. 1983). Put another way, the State is not burdened with "an affirmative duty to rule out every hypothesis except that of guilt beyond a reasonable doubt." <u>Jackson</u>, 443 U.S. at 326.

Our supreme court has held that circumstantial evidence is as probative as direct evidence. <u>State v. Dorantes</u>, 331 S.W.3d 370, 379-81 (Tenn. 2011). As such, "direct and circumstantial evidence should be treated the same when weighing the sufficiency of such evidence." <u>Id.</u> at 381. The reason for this is because with both direct and circumstantial evidence, "a jury is asked to weigh the chances that the evidence correctly points to guilt against the possibility of inaccuracy or ambiguous inference . . . [and] [i]f the jury is convinced beyond a reasonable doubt, we can require no more." <u>Id.</u> at 380 (quoting <u>Holland v. United States</u>, 348 U.S. 121, 140 (1954)). To that end, the duty of this court "on appeal of a conviction is not to contemplate all plausible inferences in the [d]efendant's favor, but to draw all reasonable inferences from the evidence in favor of the State." <u>State v. Sisk</u>, 343 S.W.3d 60, 67 (Tenn. 2011).

It is an offense for a defendant to knowingly manufacture, deliver, sell, or possess with the intent to manufacture, deliver, or sell cocaine. Tenn. Code Ann. § 39-17-417(a). It is a Class C felony to commit any of these acts when the amount of the cocaine is less than .5 grams. Tenn. Code Ann. § 39-17-417(c)(2)(A).

Det. Deslauriers testified that the Defendant gave him a "small yellow rock" in exchange for twenty dollars. Subsequent testing by the TBI established that the substance was .2 grams of cocaine base. There is no requirement that there be an audio or a video recording of a drug sale in order to establish a violation of Tennessee Code Annotated section 39-17-417. Det. Deslauriers's testimony and the forensic analysis of the substance alone were sufficient evidence to establish the offense.

With respect to the fact that the other rocks Det. Deslauriers testified that he saw were never recovered and the inconsistent testimony regarding the "buy money," we note that these issues go to the weight and credibility of the evidence. It was within the province of the jury to weigh the evidence, to judge the credibility of Det. Deslauriers, and to resolve any inconsistencies in the testimony, and we cannot revisit these issues on appeal. Accordingly, we conclude that the evidence was sufficient to sustain the Defendant's conviction for selling less than .5 grams of cocaine.

## II. Impeachment Evidence Regarding Det. Deslauriers

The Defendant contends that the trial court erred by not allowing him to cross-examine Det. Deslauriers about "inaccurate testimony" Det. Deslauriers had given in a prior unrelated criminal prosecution. The Defendant argues that testimony Det. Deslauriers had given in a prior criminal prosecution established that he "had a predilection for misstating, misremembering, or lying about evidence to make the [State's] case stronger." The State responds that the trial court complied with the applicable evidence rules and did not abuse its discretion in denying the Defendant this specific avenue of questioning.

The trial court held a hearing on this issue prior to the start of the trial. At the hearing, the Defendant claimed that Det. Deslauriers had previously testified untruthfully in a prior unrelated prosecution involving an undercover drug buy. Det. Deslauriers testified that in the prior case, he "had testified during the preliminary hearing and made some mistakes because [he was] not the case officer" in charge of the investigation and was not as familiar with the evidence in that case. Det. Deslauriers testified that he corrected the mistakes in his testimony at a later suppression hearing and at trial. The Defendant presented no evidence that Det. Deslauriers had knowingly made false statements or committed perjury during the testimony at issue. The trial court concluded that the prior testimony had no probative value with respect to Det. Deslauriers's character for truthfulness.

-4-

The admissibility, relevancy, and competency of evidence are matters entrusted to the sound discretion of the trial court and that we review for abuse of discretion. State v. Gray, 960 S.W.2d 598, 606 (Tenn. Crim. App. 1997). "Specific instances of conduct of a witness for the purpose of attacking or supporting the witness's character for truthfulness" may be inquired into on cross-examination if "the alleged conduct has probative value and [] a reasonable factual basis exists for the inquiry." Tenn. R. Evid. 608(b).

Here, the Defendant presented no evidence that a reasonable factual basis existed to believe that Det. Deslauriers made knowing false statements or committed perjury in a previous criminal proceeding. We agree with the trial court's assessment that the fact that Det. Deslauriers "made some mistakes" while testifying in a preliminary hearing and which he later corrected had no probative value with respect to Det. Deslauriers's character for truthfulness. Accordingly, we conclude that the trial court did not abuse its discretion in regard to this issue.

## CONCLUSION

Upon consideration of the foregoing and the record as a whole, the judgments of the trial court are affirmed.

_____
D. KELLY THOMAS, JR., JUDGE