# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
Assigned on Briefs April 1, 2014

## STATE OF TENNESSEE v. TONYA MICHELLE STOLTZ

**Appeal from the Circuit Court for Madison County**
**No. 1325   Donald H. Allen, Judge**

---

**No.  W2013-01595-CCA-R3-CD - Filed August 27, 2014**

---

Appellant, Tonya Michelle Stoltz, was indicted by the Madison County Grand Jury for initiation of a process to manufacture methamphetamine and possession of methamphetamine. At the close of the State's proof, the trial court granted Appellant's motion for acquittal as to initiation of a process to manufacture methamphetamine but denied it as to the possession charge. The jury found Appellant guilty of possession of methamphetamine. After a sentencing hearing, the trial court sentenced Appellant to eleven months and twenty-nine days at 75% service in incarceration. After Appellant's motion for a new trial was denied, she appealed, arguing that the evidence presented at trial was insufficient to sustain the conviction for possession of methamphetamine. After a review of the record and applicable authorities, we determine that the evidence is sufficient and that the conviction for possession of methamphetamine should be affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and D. KELLY THOMAS, JR., JJ., joined.

Gregory D. Gookin, Assistant Public Defender, Jackson, Tennessee, for the appellant, Tonya Michelle Stoltz.

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith Devault, Assistant Attorney General; James G. Woodall, District Attorney General; and Brian Gilliam, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## *Factual Background*

On June 7, 2012, Deputy Nathanial Shoate and Narcotics Investigator Maria Hasz went to Appellant's residence upon receipt of information that the residence served as a possible methamphetamine laboratory. After Appellant consented to a search of the residence, Deputy Shoate conducted a search while Investigator Hasz interviewed Appellant. During Deputy Shoate's search, he discovered a small metal container shaped like a soccer ball key chain on top of a wooden cabinet in Appellant's bedroom. Inside the container was a white substance in a clear plastic bag. Deputy Shoate field-tested the substance; it tested positive for methamphetamine. Later, the Tennessee Bureau of Investigation's regional laboratory results confirmed that the white substance concealed in the soccer ball keychain was methamphetamine.

Deputy Shoate confronted Appellant about the container. Initially, Appellant claimed that the container belonged to a houseguest, though later in the conversation she changed her story and admitted that the soccer ball key chain containing the white substance was her property. Investigator Hasz then took Appellant's statement.

Appellant elected to have Investigator Hasz write her statement rather than do it herself. Even though Appellant seemed upset when she originally spoke with Deputy Shoate, she appeared significantly calmer while she was providing her statement to Investigator Hasz. Investigator Hasz later recalled that Appellant was quite calm and cooperative while giving her statement. Appellant read the statement taken by Investigator Hasz, indicated her approval, signed, dated, and initialed the statement so that no additions could be made.

When confronted with her statement at trial, Appellant wholly recanted and renounced it. Appellant claimed that the key chain had been missing, stated that the "dope" in the key chain did not belong to her, and denied that she used methamphetamine. Appellant attempted to explain why her trial testimony was in direct conflict with her prior statement by claiming that she was "[under] great stress, duress" during Deputy Shoate's search and while providing her statement.

At the conclusion of the trial, the jury found Appellant guilty of possession of methamphetamine, a Class A misdemeanor. The trial court sentenced Appellant to eleven months and twenty-nine days at 75%. The trial court denied Appellant's motion for new trial. Appellant appealed.

*Analysis*

Appellant challenges the sufficiency of the evidence supporting her possession of methamphetamine conviction. Specifically, Appellant believes that the State failed to prove that Appellant was actually in possession of the methamphetamine. The State contends that the evidence was sufficient to convict Appellant of possession of methamphetamine and that this Court should affirm the judgment of the trial court.

When a defendant challenges the sufficiency of the evidence, this Court is obliged to review that claim according to certain well-settled principals. A verdict of guilty, rendered by a jury and "approved by the trial judge, accredits the testimony of the witnesses for the State" and resolves all conflicts in the testimony in favor of the State. *State v. Cazes*, 875 S.W.2d 253, 259 (Tenn. 1994) (citing *State v. Harris*, 839 S.W.2d 54, 75 (Tenn. 1992)). Thus although the accused is originally cloaked with a presumption of innocence, the jury verdict removes this presumption "and replaces it with one of guilt." *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). On appeal, the burden of proof rests with the defendant to demonstrate the insufficiency of the convicting evidence. *Id.* The relevant question the reviewing court must answer is whether any rational trier of fact could have found the accused guilty of every element of the offense beyond a reasonable doubt. *See* Tenn. R. App. P. 13(e); *Harris*, 839 S.W.2d at 75. In making this decision, we are to accord the State "the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." *Tuggle*, 639 S.W.2d at 914. As such, this Court is precluded from re-weighing or reconsidering the evidence when evaluating the convicting proof. *State v. Morgan*, 929 S.W.2d 380, 383 (Tenn. Crim. App. 1996); *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Moreover, we may not substitute our own "inferences for those drawn by the trier of fact from circumstantial evidence." *Matthews*, 805 S.W.2d at 779. Further questions concerning the credibility of the witnesses and the weight and value to be given to evidence, as well as all factual issues raised by such evidence, are resolved by the trier of fact and not the appellate courts. *State v. Pruett*, 788 S.W.2d 559, 561 (Tenn. 1990). "The standard of review 'is the same whether the conviction is based upon direct or circumstantial evidence.'" *State v. Dorantes*, 331 S.W.3d 370, 379 (Tenn. 2011) (quoting *State v. Hanson*, 279 S.W.3d 265, 275 (Tenn. 2009)).

In this case, Appellant was convicted of possession of methamphetamine, which is defined as the following:

> (a) It is an offense for a person to knowingly possess or casually exchange a controlled substance, unless the substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of professional practice.

T.C.A. § 39-17-418(a).

Possession can be either actual or constructive. *State v. Cooper*, 736 S.W.2d 125, 129 (Tenn. Crim. App. 1987). "Before a person can be found to constructively possess a drug, it must appear that the person has 'the power and intention at a given time to exercise dominion and control over . . . [the drugs] either directly or through others.'" *Cooper*, 736 S.W.2d at 129 (citations omitted).

When viewing the evidence in a light most favorable to the State, a reasonable jury could conclude that Appellant unlawfully possessed methamphetamine. When Deputy Shoate discovered the soccer ball key chain and showed it to Appellant, she did not seem surprised that it contained methamphetamine. Moreover, she eventually told Deputy Shoate that the container belonged to her. Appellant voluntarily gave a statement to Investigator Hasz, confirming her ownership of the methamphetamine-filled container. Appellant approved the statement, signed it, and initialed it so that no alterations could be made to it.

The task of weighing the evidence at trial belongs to the jury. In this case, the jury assessed all the evidence and chose to accredit the State's witnesses. There was ample evidence for a rational jury to conclude beyond a reasonable doubt that Appellant unlawfully possessed methamphetamine. Therefore, the evidence presented at trial was sufficient. This issue is without merit.

## *CONCLUSION*

Based on the foregoing reasons and authority, the judgment of the trial court is affirmed.

_____
JERRY L. SMITH, JUDGE