IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 12, 2015

**STATE OF TENNESSEE v. DENNY K. REYNOLDS**

**Direct Appeal from the Circuit Court for Maury County**
**No. 22771      Stella Hargrove, Judge**

---

**No. M2015-00594-CCA-R3-CD – Filed May 31, 2016**

---

A jury in the Maury County Circuit Court convicted the Appellant, Denny K. Reynolds, of simple possession of cocaine. The trial court sentenced the Appellant to eleven months and twenty-nine days in the Maury County Jail. On appeal, the Appellant challenges the sufficiency of the evidence sustaining his conviction. Upon review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and TIMOTHY L. EASTER, JJ., joined.

Jacob J. Hubbell (on appeal) and Thomas M. Hutto (at trial), Columbia, Tennessee, for the Appellant, Denny K. Reynolds.

Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Senior Counsel; and Brent A. Cooper, District Attorney General, for the Appellee, State of Tennessee.

**OPINION**
**I.  Factual Background**

In lieu of a transcript, the record contains the following statement of evidence summarizing the proof adduced at trial:

> On March 7, 2013, Probation and Parole Officer Kevin
> Weaver, assisted by Officers Brown, Hull, Hardison[,] and
> Howell went for parole compliance check on [the Appellant]

at 506 E. End St., Columbia, TN. This was not [the Appellant's] listed address, but information gathered by other officers indicated that [the Appellant] was staying there. There were several felony warrants for [the Appellant's] arrest.

Officer Brown testified that when they knocked at the door of the residence, a female answered without opening the door. She said that she did not know [the Appellant] and after being shown a picture of [the Appellant] still denied knowing him. Officer Brown said that the female, later identified as Leighanna Greene, hesitated before answering each question, as if she were being coached. [Officer] Brown asked that Greene step outside so that he could observe her body language. He asked her twice if [the Appellant] was there and she answered, "yes" each time.

Greene stepped aside and [Officer] Brown, identifying himself as a police officer, entered the living room, then went into the bedroom on the left. There were no lights on in the bedroom, but using his light, Officer Brown identified the occupant of the room as [the Appellant] who was standing near a dresser. He told [the Appellant] to show his hands, but according to testimony of Officer Brown and Officer Hardison who entered the room at this time, [the Appellant] was moving his right hand behind him while slowly raising his left hand. Officer Brown was uncomfortable with the movement of [the Appellant's] right hand and after repeating the command, he and Officer Hardison moved toward [the Appellant] and handcuffed him and took him into custody. [The Appellant] was put into Officer Hardison's patrol car.

Once [the Appellant] was taken into custody, officers returned to the residence to do a protective sweep and found no one else present. Asked if they found any items belonging to [the Appellant], Officer Brown said that there were clothing and other items belonging to a male, but he did not know if they belonged to [the Appellant] or not. No evidence was introduced to show that [the Appellant] lived at 506 E. End Street, or that he was staying at 506 E. End Street.

Officer Hardison testified that he returned to the bedroom because he wanted to see what was on the dresser. He said that [the Appellant] was beside the dresser when he continued to move his right hand after Officer Brown ordered him to show his hands. Officer Hardison saw what he believed to be crack cocaine on the dresser. The substance was tested by Officer Brown and tested positive for cocaine. This was confirmed by subsequent TBI tests and the lab report from the TBI was introduced into evidence at trial.

According to testimony of Leighanna Greene, the person who lived at 506 E[.] End was a lady named Tamara, and since it had only one bedroom[,] she didn't think anyone else lived there. She said it was "sort of a hang-out place." According to her testimony[,] she and [the Appellant] were the only people at the residence the night of March 7, 2013. She testified that she did not possess any cocaine.

A jury convicted [the Appellant] of the offense of simple possession of cocaine. The Court sentenced [the Appellant] to eleven months and twenty-nine days to serve in the Maury County Jail. [The Appellant] had previous convictions for Reckless Aggravated Assault, Reckless Endangerment-Deadly Weapon(2), Assault, Driving with Suspended License(2), Casual Exchange, Theft of Property ($500-$1,000), Evading Arrest(2), Resisting Arrest, and Marijuana Possession.

On appeal, the Appellant challenges the sufficiency of the evidence sustaining his conviction.

## II. Analysis

On appeal, a jury conviction removes the presumption of the appellant's innocence and replaces it with one of guilt, so that the appellant carries the burden of demonstrating to this court why the evidence will not support the jury's findings. See State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). The appellant must establish that no reasonable trier of fact could have found the essential elements of the offense beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); Tenn. R. App. P. 13(e).

Accordingly, on appeal, the State is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. See State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983). In other words, questions concerning the credibility of witnesses and the weight and value to be given the evidence, as well as all factual issues raised by the evidence, are resolved by the trier of fact, and not the appellate courts. See State v. Pruett, 788 S.W.2d 559, 561 (Tenn. 1990).

In Tennessee, a guilty verdict can be based upon direct evidence, circumstantial evidence, or a combination of direct and circumstantial evidence. See State v. Pendergrass, 13 S.W.3d 389, 392-93 (Tenn. Crim. App. 1999). The Appellant, citing State v. Crawford, 470 S.W.2d 610, 612 (Tenn. 1971), contends that because his convictions are based solely upon circumstantial evidence, "the facts and circumstances must be so strong and cogent as to exclude every other reasonable hypothesis except that the [Appellant] is guilty." However, well before the Appellant's brief was filed, the Crawford standard for evaluating circumstantial evidence was overruled by our supreme court in State v. Dorantes, 331 S.W.3d 370 (Tenn. 2011). In Dorantes, our supreme court stated that the standard of review for the sufficiency of that evidence is the same whether the conviction is based upon direct or circumstantial evidence. See Dorantes, 331 S.W.3d at 379. Therefore, when based solely on circumstantial evidence, the evidence need not remove every reasonable hypothesis except that of guilt.

The Appellant contends that the State failed to prove beyond a reasonable doubt that he possessed the cocaine. He maintains that the State relied on constructive possession and that his "mere presence" in the room where the drugs were found was not sufficient. Our case law establishes that possession of an object can be either actual or constructive. See State v. Transou, 928 S.W.2d 949, 955 (Tenn. Crim. App. 1996). To find constructive possession, it must be shown that the person accused had the power and intention at a given time to exercise dominion and control over the object directly or through others. See State v. Cooper, 736 S.W.2d 125, 129 (Tenn. Crim. App. 1987). In other words, "'constructive possession is the ability to reduce an object to actual possession.'" Id. (quoting State v. Williams, 623 S.W.2d 121, 125 (Tenn. Crim. App. 1981)).

The proof adduced at trial revealed that the police received information that the Appellant was staying at 506 E. End Street. When the police entered the residence to serve felony warrants, they found the Appellant in the bedroom. He was standing in front of a dresser. When Officer Brown told the Appellant to show his hands, the Appellant made suspicious movements with his right hand behind his back while slowly raising his left hand. The police took him into custody, searched the room, and found a man's clothing and other items belonging to a man. The police also found crack cocaine on the dresser. The police did not know to whom the clothes and items belonged; however, Ms.

Greene and the Appellant were the only people at the residence. Ms. Greene denied that she possessed any cocaine. From this evidence, the jury could infer that when the police entered the room, the Appellant was attempting to conceal the cocaine from view. We conclude the proof was sufficient beyond a reasonable doubt to sustain the Appellant's conviction of possession of cocaine. See Dorantes, 331 S.W.3d at 379; State v. Roger M. Staples, No. M2003-01433-CCA-R3-CD, 2004 WL 1337265, at *8 (Tenn. Crim. App. at Nashville, June 14, 2004).

### III. Conclusion

Based upon the foregoing, we affirm the judgment of the trial court.

_____
NORMA MCGEE OGLE, JUDGE