# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs May 4, 2016

## STATE OF TENNESSEE v. CARROLL RENEE CREWS

**Appeal from the Circuit Court for Dyer County**
**No. 14-CR-78    Russell Lee Moore, Jr., Judge**

_____

### No. W2015-01683-CCA-R3-CD  -  Filed June 2, 2016

_____

Following a jury trial, the Defendant, Carroll Renee Crews, was convicted of selling dihydrocodeinone, a Class D felony. See Tenn. Code Ann. § 39-17-417. The trial court imposed a sentence of twelve years' incarceration to be served at sixty percent. In this appeal as of right, the Defendant contends that the evidence was insufficient to sustain her conviction. Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which ALAN E. GLENN and J. ROSS DYER, JJ., joined.

James E. Lanier, District Public Defender; and Sean P. Day, Assistant District Public Defender, for the appellant, Carroll Renee Crews.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Counsel; C. Phillip Bivens, District Attorney General; and Karen Waddell Burns, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTUAL BACKGROUND

Officer Lynn Waller of the Dyersburg Police Department (DPD) testified that he was on patrol with another DPD officer, Charlie Cox, on September 28, 2013, when they drove by the H&S Market. As they were driving by, Officer Waller saw the Defendant "lean[ing] into the window" of a red pickup truck and "talking to the driver of the pickup truck." Officer Waller drew Officer Cox's attention to the truck. Officer Waller testified that he saw what appeared to be a "hand to hand" drug transaction. Officer Cox testified

that he "saw money being transferred" from the Defendant "back and forth to the guy driving the truck."

Officers Waller and Cox pulled into the store's parking lot. As they did, the Defendant quickly walked away from the red truck and back to her car. Officer Waller stopped the Defendant as she got into her car and confronted her with what he had seen. The Defendant denied selling pills to the driver of the pickup truck. The Defendant told Officer Waller that the driver was a family member whom she was giving "some Xanax" to because a mutual relative had "just died." However, Officer Waller testified that the Defendant was unable to tell him the name of the driver of the truck. Officer Waller found an empty "pill bottle" with the Defendant's "name on it" when he searched her.

Officer Waller then spoke to the occupants of the red pickup truck. The driver was a man named Brandon Williams. The passenger was a man named Kenneth Connell. Officer Waller testified that Mr. Williams was "cooperative" and gave him "four [h]ydrocodone pills" from "[h]is pocket."[1] Subsequent forensic testing by the Tennessee Bureau of Investigation confirmed that the pills were dihydrocodeinone. Officer Waller also found a twenty-dollar bill, two one-dollar bills, and eight quarters in "[t]he pocket" of the driver's side door of the pickup truck. Officer Waller testified that he found a small amount of marijuana on the persons of both Mr. Williams and Mr. Connell but that he let them "thr[o]w [it] out" rather than charge them for simple possession.

Mr. Williams testified that he was giving a ride to "a friend" when he stopped at the H&S Market to purchase some cigarettes. According to Mr. Williams, the Defendant approached him in the parking lot of the store. Mr. Williams described the Defendant as an "acquaintance" of his. Mr. Williams testified that the Defendant asked him if he wanted to buy "some [h]ydros." The Defendant offered the pills to Mr. Williams for four dollars per pill, sixteen dollars total. Mr. Williams claimed that he agreed to buy the pills because the Defendant had "said she needed some money."

Mr. Williams testified that he gave the Defendant a twenty-dollar bill and that she was in the process of giving him his change, two one-dollar bills and eight quarters, when Officers Waller and Cox pulled up. When the officers pulled up, the Defendant dropped all of the money and tried "to get back to her car." Mr. Williams admitted that he had a small amount of marijuana on him that day. Mr. Williams testified that he was honest with Officer Waller and that he had testified truthfully about what had happened that day.

Mr. Williams admitted that he had prior convictions for driving under the influence, driving with a revoked license, and simple possession of marijuana. On cross-examination, Mr. Williams further admitted that he had a recent conviction for

---

[1] Hydrocodone is a common synonym for dihydrocodeinone.

misdemeanor theft, a prior conviction for criminal impersonation for giving a police officer a false name, and a prior charge of filing a false report for reporting his car stolen after he had wrecked it. Mr. Williams also admitted on cross-examination that Officer Waller had told him that day that he could have been charged with simple possession and that the truck he was driving could have been seized. Mr. Williams admitted that he "was truthful with" Officer Waller because he did not want to be charged with simple possession.

Based upon the foregoing, the jury convicted the Defendant of selling dihydrocodeinone. Following a sentencing hearing,[2] the trial court sentenced the Defendant as a career offender to twelve years' incarceration to be served at sixty percent. This timely appeal followed.

ANALYSIS

The Defendant contends that the evidence was insufficient to sustain her conviction. The Defendant argues that no rational juror would believe Mr. Williams's "self-serving" testimony and that Mr. Williams's testimony was "the only evidence" of the offense. The State responds that the evidence was sufficient to sustain the Defendant's conviction.

An appellate court's standard of review when the defendant questions the sufficiency of the evidence on appeal is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). This court does not reweigh the evidence, rather, it presumes that the jury has resolved all conflicts in the testimony and drawn all reasonable inferences from the evidence in favor of the State. See State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Questions regarding witness credibility, conflicts in testimony, and the weight and value to be given to evidence were resolved by the jury. See State v. Bland, 958 S.W.2d 651, 659 (Tenn. 1997).

A guilty verdict "removes the presumption of innocence and replaces it with a presumption of guilt, and [on appeal] the defendant has the burden of illustrating why the evidence is insufficient to support the jury's verdict." Bland, 958 S.W.2d at 659; State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). A guilty verdict "may not be based solely upon conjecture, guess, speculation, or a mere possibility." State v. Cooper, 736 S.W.2d 125, 129 (Tenn. Crim. App. 1987). However, "[t]here is no requirement that the State's proof be uncontroverted or perfect." State v. Williams, 657 S.W.2d 405, 410 (Tenn.

---

[2] The Defendant does not challenge her sentence on appeal, and a transcript of the sentencing hearing was not included in the record on appeal.

1983).  Put another way, the State is not burdened with "an affirmative duty to rule out every hypothesis except that of guilt beyond a reasonable doubt."  Jackson, 443 U.S. at 326.

The foregoing standard "applies to findings of guilt based upon direct evidence, circumstantial evidence, or a combination of [both] direct and circumstantial evidence." State v. Pendergrass, 13 S.W.3d 389, 392-93 (Tenn. Crim. App. 1999).  Both "direct and circumstantial evidence should be treated the same when weighing the sufficiency of such evidence."  State v. Dorantes, 331 S.W.3d 370, 381 (Tenn. 2011).  The duty of this court "on appeal of a conviction is not to contemplate all plausible inferences in the [d]efendant's favor, but to draw all reasonable inferences from the evidence in favor of the State."  State v. Sisk, 343 S.W.3d 60, 67 (Tenn. 2011).

It is an offense for a person to knowingly sell a controlled substance.  Tenn. Code Ann. § 39-17-417(a)(3).  Dihydrocodeinone is classified as a Schedule III controlled substance in Tennessee.  Tenn. Code Ann. § 39-17-410.

Questions regarding the credibility of a witness are the province of the jury.  Here, the jury heard the impeaching evidence regarding Mr. William's character for untruthfulness and, in spite of that evidence, chose to accredit Mr. Williams's testimony. We will not disturb the jury's determination on appeal.

Furthermore, Mr. Williams's testimony was corroborated by the testimony of Officers Waller and Cox.  Officer Waller testified that he saw what he believed was a "hand to hand" transaction between the Defendant and Mr. Williams.  Officer Cox testified that he saw money being exchanged between the Defendant and Mr. Williams. The Defendant lied to Officer Waller about her relationship with Mr. Williams.  Officer Waller also found an empty pill bottle when he searched the Defendant.  Officer Waller testified that Mr. Williams was cooperative with him and produced four dihydrocodeinone pills.  Officer Waller also found the exact amount of money described in Mr. Williams's testimony inside the truck.  Accordingly, we conclude that the evidence was sufficient to sustain the Defendant's conviction.

CONCLUSION

Upon consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE

-4-