IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
January 23, 2019 Session

FILED
04/25/2019
Clerk of the
Appellate Courts

## STATE OF TENNESSEE v. CHRISTOPHER CALVERA

**Appeal from the Circuit Court for Sevier County**
**No. 23593-II     James L. Gass, Judge**

_____

### No. E2018-00982-CCA-R3-CD

_____

The Defendant, Christopher Calvera, was indicted for retaliation for past action, a Class E felony; and assault, a Class A misdemeanor. See Tenn. Code Ann. §§ 39-13-101, -16-510. Following a jury trial, the Defendant was convicted of the retaliation for past action charge and acquitted of the assault charge. The trial court later imposed a four-year sentence for the retaliation conviction. On appeal, the Defendant contends that (1) the evidence was insufficient to sustain his conviction; and (2) the trial court committed plain error in denying his motion for a mistrial alleging that the State committed prosecutorial misconduct during its closing argument. Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

Edward Cantrell Miller, District Public Defender; and Rebecca Vance Lee (on appeal) and Aaron Michael Kimsey (at trial), Assistant District Public Defenders, for the appellant, Christopher Calvera.

Herbert H. Slatery III, Attorney General and Reporter; Garrett D. Ward, Assistant Attorney General; James B. Dunn, District Attorney General; and Ronald Crockett Newcomb, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### FACTUAL BACKGROUND

Sam Swaney testified that he was currently a patrol deputy for the Sevier County Sheriff's Office. On July 14, 2017, Deputy Swaney served as a corporal for the Sevier

County Sheriff's Office at the Sevier County jail. Deputy Swaney testified that as a corrections officer, it was his job "to watch over the inmates for their wellbeing and keep the peace and the security of the facility." Corrections officers were also responsible for transporting inmates. Additionally, corrections officers had discretion to search and "investigate inmates for possession of" contraband. Corrections officers also had discretion to "write warrants, identify and swear those warrants and take out charges" if an inmate committed a crime. Deputy Swaney, in his previous role as a corrections officer, took out the arrest warrants against the Defendant. Deputy Swaney testified that he believed the Sevier County jail was "a resource to help maintain public order."

Deputy Swaney testified that on July 14, 2017, he was addressing several inmates in one of the "dorms." Deputy Swaney described what then happened as follows:

> [The Defendant] stepped up and began speaking for the whole dorm. And essentially he implied a threat that we needed to be ready as corrections officers to handle whatever . . . that they were going to throw at us. At that point I told him I was always ready. And he slammed his hands down on the table, took an aggressive posture, and said, "All right then, let's go."

> At that point I told him to grab his belongings, that he was going to be rehoused. And he did go over and . . . started to grab his belongings, and then he stopped. . . . I again instructed him to grab his belongings. And he said, "No, you grab them for me." Once again, for the third time, I instructed him to grab his belongings. He said no. At that point, I went hands on with [the Defendant] per our policies and procedures.

> . . . .

> . . . I attempted to place his hands behind his back so that I could escort him from the dorm for his noncompliance. And he began to pull away. So at that point, I attempted to take him to the ground. We ended up in between two bunks. The bedding in the dorms are bunk beds. And we were wrestling around. I was attempting to get his hands behind his back. I used pressure point techniques, which we were trained to do to bring them into compliance. He refused.

> [Corrections] Officer [Jordan] Monday arrived and began to deliver what we call a common peroneal strike, which is essentially a strike to the nerve in the leg right about four to five inches above the knee on the outside of the leg, which causes pain but it also brings compliance. He used those strikes. And [the Defendant] still refused to give up his hands, at which point Officer Monday and I pulled him from the bunk and got him

-2-

on the ground, and he was still laying on his arms. . . . He refused to pull his arm out and give it back to us so that we could take him out of the dorm.

Deputy Swaney and Officer Monday were eventually able to handcuff the Defendant. Deputy Swaney testified that once he and Officer Monday got the Defendant on the ground, the Defendant said, "I cannot wait to get out in the streets and kill you and your whole family." Deputy Swaney testified that he understood the Defendant's statement to be a threat. After the Defendant was restrained, he also said to Deputy Swaney, "You've got something coming," and "Don't come at me by yourself." Deputy Swaney testified that he also understood both of these statements to be threats. Officer Monday testified that he helped Deputy Swaney restrain the Defendant and recalled that the Defendant said to Deputy Swaney, "[W]hen I get out I will kill your whole family." Body camera footage was played for the jury during trial from both Deputy Swaney and Officer Monday showing the struggle with the Defendant and his threats.

During the State's closing argument, the prosecutor referred to the Defendant's threat to kill Deputy Swaney's family and asked several questions such as "what's that do to you," "would you be upset," and "how hard would that be for you?" Defense counsel objected, arguing that the State had committed prosecutorial misconduct by asking the jurors to put themselves "in the shoes" of the victim. The trial court overruled the objection. Later, defense counsel requested a mistrial based on the statements made by the prosecutor during his closing argument. The trial court denied the Defendant's motion for a mistrial.

## ANALYSIS

### I. Sufficiency of the Evidence

The Defendant contends that the evidence was insufficient to sustain his conviction for retaliation for past action. The Defendant argues that Deputy Swaney was not a "law enforcement officer" entitled to protection under the retaliation statute. The Defendant also argues that his threat "was not in any way connected to the judicial process." The State responds that the evidence was sufficient to sustain the Defendant's conviction.

An appellate court's standard of review when the defendant questions the sufficiency of the evidence on appeal is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). This court does not reweigh the evidence, rather, it presumes that the jury has resolved all conflicts in the testimony and drawn all reasonable inferences from the

evidence in favor of the State. See State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Questions regarding witness credibility, conflicts in testimony, and the weight and value to be given to evidence were resolved by the jury. See State v. Bland, 958 S.W.2d 651, 659 (Tenn. 1997).

A guilty verdict "removes the presumption of innocence and replaces it with a presumption of guilt, and [on appeal] the defendant has the burden of illustrating why the evidence is insufficient to support the jury's verdict." Bland, 958 S.W.2d at 659; State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). A guilty verdict "may not be based solely upon conjecture, guess, speculation, or a mere possibility." State v. Cooper, 736 S.W.2d 125, 129 (Tenn. Crim. App. 1987). However, "[t]here is no requirement that the State's proof be uncontroverted or perfect." State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983). As such, the State is not burdened with "an affirmative duty to rule out every hypothesis except that of guilt beyond a reasonable doubt." Jackson, 443 U.S. at 326.

The foregoing standard "applies to findings of guilt based upon direct evidence, circumstantial evidence, or a combination of [both] direct and circumstantial evidence." State v. Pendergrass, 13 S.W.3d 389, 392-93 (Tenn. Crim. App. 1999). Both "direct and circumstantial evidence should be treated the same when weighing the sufficiency of such evidence." State v. Dorantes, 331 S.W.3d 370, 381 (Tenn. 2011). The duty of this court "on appeal of a conviction is not to contemplate all plausible inferences in the [d]efendant's favor, but to draw all reasonable inferences from the evidence in favor of the State." State v. Sisk, 343 S.W.3d 60, 67 (Tenn. 2011).

As used here, it is a criminal offense when a person "harms or threatens to harm . . . a law enforcement officer, . . . or a family member of any such person, by any unlawful act in retaliation for anything the . . . law enforcement officer . . . did in an official capacity as . . . a law enforcement officer[.]" Tenn. Code Ann. § 39-16-510(a)(1). As charged to the jury, a "law enforcement officer" is "an officer, employee or agent of government who has a duty imposed by law to . . . [m]aintain public order . . . [and] [i]nvestigate the commission or suspected commission of offenses."[1] Tenn. Code Ann. § 39-11-106(a)(21).

There is no dispute that the Defendant threatened to kill Deputy Swaney's family. Instead, the Defendant argues that Deputy Swaney was not a "law enforcement officer" because, at the time of the threat, "he was a corrections officer." As a corrections officer,

---

[1] "Law enforcement officer" is also defined as "an officer, employee or agent of government who has a duty imposed by law to . . . [m]ake arrests for offenses, whether that duty extends to all offenses or is limited to specific offenses . . . [and] [i]nvestigate the commission or suspected commission of offenses." Tenn. Code Ann. § 39-11-106(a)(21). The trial court did not charge the jury with this alternative definition.

Deputy Swaney was an employee of the Sevier County Sheriff's Office. The sheriff of the county has the statutory duty to operate the county jail as well as "to ferret out crimes, to secure evidence of crimes, and to apprehend and arrest criminals." Tenn. Code Ann. §§ 38-3-102(b), 41-4-101.

Deputy Swaney testified that he had discretion to search and "investigate inmates for possession of" contraband and to "write warrants, identify and swear those warrants and take out charges" if an inmate committed a crime. Here, Deputy Swaney took out the arrest warrants against the Defendant. Deputy Swaney also had "to watch over the inmates for their wellbeing and keep the peace and the security of the facility." Deputy Swaney was responsible for transporting inmates and believed that the Sevier County jail was "a resource to help maintain public order." As such, Deputy Swaney was a "law enforcement officer" as defined by the statute. Additionally, the Defendant's threat was in retaliation for Deputy Swaney's attempt to restrain him, which was done in Deputy Swaney's official capacity as a corrections officer. Accordingly, we conclude that the evidence was sufficient to sustain the Defendant's conviction.

## II. Prosecutorial Misconduct

The Defendant contends that the trial court committed plain error in denying his motion for a mistrial alleging that the State committed prosecutorial misconduct during its closing argument. The Defendant argues that the prosecutor improperly "invited the jury to view the alleged crime from the victim's perspective." The State responds that the Defendant has waived plenary review of this issue by failing to file a motion for new trial and that plain error review is not warranted.

The Defendant failed to file a motion for new trial and has waived plenary review of this issue. Tenn. R. App. P. 3(e); see also State v. Bough, 152 S.W.3d 453, 460 (Tenn. 2004) (stating that failure to file a timely motion for new trial waives plenary review of all issues "except for sufficiency of [the] evidence and sentencing"). Nor has the Defendant established that plain error review is warranted. Here, consideration of the Defendant's argument is not necessary to do substantial justice given the overwhelming evidence of the Defendant's guilt. State v. Minor, 546 S.W.3d 59, 67 (Tenn. 2018). Accordingly, we conclude that plain error review of this issue is not warranted.

## CONCLUSION

Upon consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE